Donahue *v.* McNulty *et als.*

---

## JOHN DONAHUE *v.* THOMAS McNULTY, JAMES BRADY, JOHN FURLONG, MOSES FURLONG, JOHN DOOLY, PATRICK CODY, LAWRENCE NOLAN, JOHN SHARP, JOHN KIRK, MAT. SAFFON, MARTIN SAFFON, AND H. T. NICHOLS.

SHERIFF'S DEED—PAROL EVIDENCE NOT ADMISSIBLE.—Parol testimony of the officer who makes a sale of property under an execution, and executes a deed to the purchaser therefor, is not admissible for the purpose of adding to, contradicting, or altering the terms of the deed.

SAME—HOW MEANING OF ASCERTAINED.—Where the language of a deed executed by an officer for property sold under execution is plain and unambiguous, the Court should limit its inquiry to what the words of the deed express, without regard to any intention independent of the words.

RECITALS IN SHERIFF'S DEED.—The officer who makes a sale of land by virtue of an execution, and executes to the purchaser a deed therefor, must, in his deed, make recitals of the recovery of the judgment, the names of the judgment creditor or creditors, and of the judgment debtor or debtors, and of the issuing of an execu-

tion on the judgment, and of the levy and sale thereunder. The recital of such facts is essential to show the officer's authority and the transmission of the debtor's title in the property to the purchaser.

WHO ESTOPPED BY RECITALS IN SHERIFF'S DEED.—The officer executing a deed for property sold under execution, and those who claim under the deed, are estopped from denying the truth of the matters recited therein, but the same are not evidence as against strangers, or those claiming adversely to the deed.

AGAINST WHOM OFFICER'S DEED IS EVIDENCE.—A deed of a constable, made of land sold under execution, is not evidence of the purchaser's title as against any person except those whom the deed shows upon its face to have been the judgment debtors, and named as such in the execution issued on the judgment, and whose interest in the property was sold by the officer.

PAROL EVIDENCE AS TO RECITALS IN OFFICER'S DEED.—Parol evidence is inadmissible to show that a constable's sale was made by virtue of any other judgment or execution than that recited in the deed; and it is also inadmissible to show that the constable sold the interest of a person in the land described in the deed, whose interest the deed itself does not recite upon its face to have been sold.

AGAINST WHOM OFFICER'S DEED NOT EVIDENCE.—Where a judgment was rendered against several persons, and an execution issued upon it against all the judgment debtors, and the constable levied upon and sold the land of one of the judgment debtors, but in making a deed to the purchaser, did not insert the name of the one whose land had been sold as a judgment debtor, or recite that his land had been sold; held, that the deed was not evidence of title in the purchaser as against the owner of the land.

APPEAL from the District Court, Seventeenth Judicial District, Sierra County.

The facts are stated in the opinion of the Court.

*Creed Haymond*, and *Johnson & Williams*, for Appellants.

The objection taken to the admission of the deed from Dixon, the constable, to Nolan, presents a question as simple as this:

Can a deed, purporting to convey the property of A., only be construed by law (or varied by parol testimony) to be a conveyance of the property of A. and B.? And, in this connection, we call the attention of the Court to the case of *Bartlett* v. *Judd*, 23 Barb. 266, and to *Mason* v. *White*, 11 Barb. 184.

*Vanclief & Bowers*, for Respondents.

There is no question but the deed describes the property correctly. In reciting the execution, the deed leaves out the name of John Donahue, though it gives the true name of the

company, which was composed of these names, viz: Richardson and Buffalo Co.   It will be seen that in the executions from J. P., as well as previous proceedings, that the defendants are described as composing the Richardson and Buffalo Co., and further, that the name of John Donahue is contained in each of the executions; and it is still important to notice that in the granting part of the conveyance the officer describes the property as all the estate, right, title, and interest of the said persons against whom the said writ of execution has been issued as aforesaid.

A Sheriff or constable is not bound to recite the execution in his deed of conveyance, nor will a mistake in its recital vitiate.   Had he the authority to sell, and did he sell? are the only material questions. (*Jackson* v. *Pratt*, 10 Johns. 386; *Jackson* v. *Jones*, 9 Cowen, 191.)

By the Court, CURREY, J.

This is an action of ejectment to recover possession of the one undivided seventeenth part of certain mining ground, situate in the County of Sierra, of which the plaintiff alleges he was the owner and in the possession in June, 1863, and of which he was then ousted by the defendants.   The defendants, by their answer, deny that they wrongfully ousted the plaintiff, and further answering, aver that on the 16th of October, 1861, three judgments were obtained in a Justice's Court in said county against the plaintiff and others as defendants, described as the Buffalo and Richardson Mining Company, and that under executions issued on such judgments, the right, title, and interest of the plaintiff was sold, and afterwards conveyed by a constable to Lawrence Nolan, one of the defendants in this action; and they further aver that each of the defendants owned, at the time this action was commenced, and was entitled to the possession of an undivided portion and interest in the premises, which portions, in the aggregate, comprehended the entire property.

As to the title and interest of the plaintiff to the undivided seventeenth part of the premises at the time the sale under

the executions transpired, there seems to have been no issue made by the answer of defendants, or by the evidence adduced at the trial.

The decision of the case, it will appear, rests entirely upon the effect and competency, as evidence in the case, of the judgments obtained in the Justice's Court, and the executions issued thereon, and the alleged sale of the plaintiffs' right, title, and interest in the premises, and the deed executed by the constable and produced in evidence.

In each of the cases in the Justice's Court, John Donahue was one of the defendants, and was served with summons, and Lawrence Nolan, who became the purchaser at the sale, and is the grantee named in the deed, was also a defendant, and was served with summons. The defendants served made default, and there was no appearance in any of the cases on the part of the defendants who were not served with process. In two of the suits, judgments were entered against all the defendants who were named in the summons, and in the other, judgment was entered against all the defendants named in the summons, and also against three other persons not mentioned therein. The recitals in the deed are that a writ of execution issued out of the Justice's Court of a Justice of the Peace therein mentioned, directed and delivered to James F. Dixon, constable, commanding him that of the goods and chattels of P. Donahue, M. Donahue, L. Nolan, B. Kenrief, P. Cody, H. F. Nichols, P. Daley, J. Wiseman, R. Anderson, J. Doe, H. Hoe, and R. Roe, composing the Richardson and Buffalo Company, he should cause to be made the moneys in said writ specified; and if sufficient goods of said persons could not be found, that then he should cause the same to be made of the lands of which the last named persons were seized; and then it is further recited in the deed: "And whereas, because sufficient goods and chattels of the last named persons in the said writ could not be found, whereof the said constable could cause to be made the money specified in said writ, he, the said constable, did, in obedience to the said command, levy on, take, and seize all the estate, right, title, and interest of the

last named persons in and to the lands," etc., described, and " did, on the 9th day of November, A. D. 1861, sell all the right, title, and interest of the last named persons in and to the said premises," etc., " at which sale the right, title, and interest of the last named persons in and to said premises, were struck off and sold to L. Nolan for the sum of five hundred and sixty-two dollars." And after these recitals follows the granting portion of the deed, whereby the constable, " By virtue of the said writ, and in pursuance of the statute in such cases made and provided, for and in consideration of the sum of money hereinbefore mentioned," grants, bargains, sells, and conveys, " unto the said Nolan, his heirs and assigns, all the estate, right, title, and interest of the said persons against whom the said writ of execution has been issued as aforesaid, of, in, and to all the following described property ;" and then follows a description of the property, with the usual *habendum* clause. Several of the defendants against whom judgment passed in all of the suits in the Justice's Court, and who were named in the executions issued on such judgments, were not named as judgment debtors in the execution recited in the deed, and two of those who were therein named were not defendants or parties in any of the judgments and executions given in evidence. It does not appear from the deed who was the judgment creditor in the execution recited, nor what was the amount due by the judgment on which such execution was issued.

In connection with the introduction in evidence of the judgments, executions, and deed, the defendants examined the constable, who testified that he received from the Justice of the Peace the three executions so offered in evidence, and that he duly levied such executions on the property and mining claim described in plaintiff's complaint, including the whole of plaintiff's right, title, and interest in the same, before he sold said claims, or any part thereof, and that he sold said claims and plaintiff's interest therein and conveyed the same to the defendant, L. Nolan, by the deed in question, " and that such sale and conveyance was under and by authority of said executions."

The plaintiff's counsel interposed objections to the judgments, executions, and deed offered and given in evidence. The objection to the deed was that it was irrelevant and inadmissible in evidence, because it was not connected with any of the judgments or executions offered in evidence; that it did not refer to any of them; and, also, because it did not purport to convey the property of the plaintiff, John Donahue; and, further, that it did not purport to be the deed of any officer authorized by law to make such deed, and that the same was void. The Court overruled this objection, and the counsel for plaintiff excepted.

When the testimony was closed, the plaintiff's counsel requested the Court to charge the jury that the deed in question was not even *prima facie* evidence against plaintiff's claim of title and right of possession, unless they believed from the evidence before them that plaintiff's interest was actually sold and conveyed by the deed in evidence.

The Court refused so to charge, and the plaintiff excepted.

The jury rendered a verdict for defendants against the plaintiff, on which judgment was entered.

A motion was made for a new trial, and denied, and the appeal is from the order denying a new trial, and from the judgment.

It is not necessary in order to dispose of this case to determine as to the validity of the judgments obtained in the Justice's Court. In respect to these judgments, and the executions issued thereon, the only question necessary to be considered is, whether the deed offered and given in evidence bears any dependent relation thereto.

The deed, as we have seen, professes to have been executed by the constable, as a conveyance of the right, title, and interests of certain persons therein named in and to the premises in controversy, which were, before the date thereof, sold by the constable upon a writ of execution issued out of a Justice's Court, commanding the constable that, of the property of certain persons therein mentioned, composing the Richardson and Buffalo Company, he should cause to be made the moneys in said writ specified. The appellant was not one of

the persons named in the writ recited in the deed; nor is there anything apparent on the face of the deed to warrant the intendment that the writ of execution therein mentioned was issued on any one of the judgments produced in evidence. To show that the truth was otherwise than as recited in the deed, the constable who made the sale and conveyance was examined as a witness, and testified in respect to the matter as already appears.

The testimony of the constable was not competent to establish any facts having the effect to contradict, alter, or add to the terms of this deed. In the consideration of a deed, the terms of which are plain and unambiguous, the Court should limit its inquiry as to what the words of the deed express, without regard to any intention independent of the words. (2 Cow. & Hills' Notes, 571, Third Edition, and cases there cited.)

Where a deed of gift imported an absolute estate in fee in the donee, and was capable of being satisfied as such, parol evidence was held inadmissible to show that the donor intended to give a life estate only, with a limitation to the defendant. (*Pooser* v. *Tyler*, 1 McCord Ch. 18.) Nor can it be shown by parol that by mistake one tract was inserted in a deed instead of another, unless it be in a suit to reform the deed and correct the mistake, (*Bell* v. *Morse*, 6 N. Hamp. 205,) or that part of the premises described were intended to have been excepted (*Jackson* v. *Smith*, 12 John. 427; *Hovey* v. *Newton*, 7 Pick. 29; *Jackson* v. *Roberts*, 11 Wend. 426; *Locke* v. *Whiting*, 10 Pick. 279); or that a deed professing to convey all was intended to convey a part only. (*Barkley* v. *Barkley*, 3 McCord, 269; *Paine* v. *McIntier*, 1 Mass. 69; *Child* v. *Wells*, 13 Pick. 121; *Gittings* v. *Hall*, 1 Harr. & John. 14; *Beeson* v. *Hutchinson*, 4 Watts, 442.) So, parol evidence was held inadmissible to show that an execution, on which a levy and a sale had been made, had been withdrawn, and the levy abandoned by the plaintiff, in contradiction to the Sheriff's deed, (per Spencer, Ch. J., in *Jackson* v. *Vanderheyden*, 17 John. 168,) or to contradict the recital or show that the land was sold

53

under a different judgment and execution than those recited in the deed, though such evidence may be admitted to show a fraud in the sale. (*Jackson* v. *Sternberg*, 20 John. 50.)

The rule laid down in the last two cases cited, in regard to the conclusiveness of a recital in a deed, should be limited in its operation to the party making the recital and those who claim some right and interest under the deed which contains it. The officer who makes a sale and executes a conveyance of land under and by virtue of a judgment and execution, must necessarily make some reference in his deed to the authority under which he acted and to the character of such authority. This is essential for the purpose of showing a transmission of the debtor's title in the property to the purchaser and grantee thereof. This is done by a recital of certain facts, constitutive of the officer's authority to sell and convey. And when this is done, he and those who claim under the deed are estopped from denying the truth of the facts recited. But such a deed is not evidence of the matters recited as against strangers, and least of all, as against those who claim adversely to it. (*Jackson* v. *Roberts*, 11 Wend. 436; *Penrose* v. *Griffith*, 4 Binney, 231; *Carver* v. *Jackson*, 4 Peters, 88.)

There is nothing in the deed in question which is evidence of title in the defendants or any of them of the right, title, and interest of the appellant in the demanded premises, at the time it is alleged, on the part of defendants, the property of the appellant was sold; but, on the contrary, the deed shows upon its face that the execution under which the property is claimed to have been sold and conveyed was not issued against the appellant as a defendant therein, and it also shows upon its face that the interest of the appellant in the demanded premises was not attempted to be sold or conveyed.

The objection to the deed was well taken, and should have been sustained; and the instruction which the plaintiff requested the Court to give to the jury was proper, inasmuch as the deed and the testimony of the constable was received in evidence.

Upon the facts of the case as they appear in the record, the appellant was entitled to a verdict and judgment, as demanded in his complaint.

The judgment is therefore reversed and the cause remanded for a new trial.