[Sac. No. 2729. Department One.—December 11, 1918.]

R. E. BANGHAM, Plaintiff and Respondent, v. M. MICHAEL et al., Defendants and Respondents; AMERICAN NATIONAL BANK OF SAN FRANCISCO (a Corporation), Appellant.

MORTGAGE — REDEMPTION FROM FORECLOSURE SALE — RIGHT OF JUNIOR LIENHOLDER — REQUIREMENTS.—The holder of a junior lien upon mortgaged property is not entitled to redeem the property where there is a failure to comply with the provisions of section 705 of the Code of Civil Procedure, notwithstanding the tender within time of the full amount required to make the redemption.

ID.—RIGHT TO REDEEM STATUTORY.—The right of the holder of a junior lien to redeem property sold under a decree of foreclosure of a prior mortgage thereon is purely statutory, and in the absence of a compliance therewith, a tender of the money required to redeem is wholly ineffectual for the purpose.

ID.—POWER OF COMMISSIONER STATUTORY.—The power of the sheriff or a commissioner acting in the matter is altogether statutory, and his acts are nugatory unless the provisions of the statute are pursued.

ID.—EXTINGUISHMENT OF OBLIGATIONS—CODE SECTIONS INAPPLICABLE.— The sections of the Civil Code as to the extinguishment of contractual obligations or those arising by operation of law have no application to statutory redemption by a junior lienholder, for the reason that until compliance is made with the provisions of the statute, the commissioner is under no obligation to act.

APPEAL from a judgment of the Superior Court of Lassen County. H. D. Burroughs, Judge. Affirmed.

The facts are stated in the opinion of the court.

Edgar C. Chapman, for Appellant.

Wilson & Haines and O. C. Wilson, for Respondents.

VICTOR E. SHAW, J., *pro tem.*—This action grew out of the following facts: As commissioner appointed by the court therefor, R. E. Bangham, plaintiff herein, sold certain real estate as directed by the decree made in a suit brought by M. Michael against one J. Noble Jones, to foreclose a mortgage thereon. At this sale, made June 16, 1915, Michael, mortgagee, became the purchaser of the property. As holder of a junior lien thereon, the American National Bank was made a defendant in the foreclosure suit, and hence was a redemptioner as defined in section 701 of the Code of Civil Procedure. Early in the forenoon on the last day for redemption, to wit, June 16, 1916, an agent of Michael called upon the commissioner and demanded that he execute a deed conveying the property to Michael as the purchaser thereof, with which demand the commissioner complied. Thereafter, on the same day, and before the expiration of the time within which said bank was entitled to redeem the property, it, as such redemptioner, tendered the full sum of money required for redemption, which the commissioner received and gave a receipt therefor, but, upon the ground that he had theretofore executed and delivered a deed to Michael, refused to execute a deed to the bank as such redemptioner. Michael claiming to have purchased the property, and the bank likewise claiming that it was entitled to a deed as redemptioner, the money was left in the hands of the commissioner, who, depositing the money in court, brought this action as provided in section 386 of the Code of Civil Procedure, praying that Michael and the bank be required to litigate their respective rights growing out of his acts.

The court found that by reason of the bank's failure to comply with section 705 of the Code of Civil Procedure, its acts were ineffectual to constitute it a redemptioner of the property sold, and adjudged that the money so paid to the commissioner be delivered to the bank by the depositary thereof.

From this judgment denying appellant's status as a redemptioner of the property, the bank has appealed upon the judgment-roll.

Appellant, being the holder of a junior lien upon the mortgaged property, is, by subdivision 2, section 701, of the Code of Civil Procedure, declared to be a redemptioner, and it was entitled to redeem the property on the day it tendered the full sum of money required therefor, upon complying with the provisions of section 705 of the Code of Civil Procedure, which provide:

"A redemptioner must produce to the officer or person from whom he seeks to redeem and serve with his notice to the sheriff making the sale, or his successor in office;

"1. A copy of the docket of the judgment under which he claims the right to redeem, certified by the clerk of the court, or of the county where the judgment is docketed; or, if he redeem upon a mortgage or other lien, a note of the record thereof, certified by the recorder;

"2. A copy of any assignment necessary to establish his claim, verified by the affidavit of himself, or of a subscribing witness thereto;

"3. An affidavit by himself or his agent, showing the amount then actually due on the lien."

As found by the court, the bank did not comply with any of these provisions.

The right of the holder of a junior lien to redeem property sold under a decree of foreclosure of a prior mortgage thereon is purely statutory, and in the absence of a compliance therewith, a tender of the money required to redeem is wholly ineffectual for the purpose. The power of the sheriff or that of a commissioner acting in the matter is altogether statutory, and his acts are nugatory unless the provisions of the statute are pursued. (*Wilcoxson* v. *Miller,* 49 Cal. 193; *Haskell* v. *Manlove,* 14 Cal. 54; *Robertson* v. *Van Cleave,* 129 Ind. 228, [15 L. R. A. 68, 26 N. E. 899, 29 N. E. 781].)

Sections of the Civil Code invoked by appellant as to the extinguishment of contractual obligations, or those arising by operation of law, have no application to the question at issue, for the reason that until appellant complied with the provisions imposed by the statute, the commissioner was under no obligation to act in the matter any more than he would have been in the absence of a tender of the amount of money required to effect the redemption. *Kofoed* v. *Gordon,* 122 Cal. 314, [54 Pac. 1115], upon which appellant relies, involved no question of statutory redemption by a junior lien-

holder as distinguished from the mortgagor in a foreclosure suit.

The judgment is affirmed.

Richards, J., *pro tem.*, and Sloss, J., concurred.

Hearing in Bank denied.

Sloss, J., Melvin, J., Lawlor, J., and Angellotti, C. J., concurred.