[L. A. No. 5038. In Bank.—July 24, 1920.]

MABEL E. ANTHONY et al., Appellants, v. I. P. JANSSEN, Respondent.

[1] QUIETING TITLE — CONTENTS OF DEED — SECONDARY EVIDENCE — FOUNDATION.—In an action to quiet title, secondary evidence of the contents of a deed is inadmissible where it does not appear that the deed could not have been found.

[2] ID.—FORECLOSURE SALE OF INTEREST OF OPTION-HOLDER—DEED INADMISSIBLE AGAINST OWNER.—In an action by the trustees of a defunct corporation to quiet title to mining claims, a sheriff's deed purporting to be made pursuant to the terms of a decree of foreclosure of the interest of the holder of an option to purchase the claims is not evidence against the plaintiffs where the option was never exercised or title obtained under it.

[3] CORPORATIONS — FORFEITURE OF CHARTER — DEED OF PROPERTY — UNITED ACTION OF TRUSTEES ESSENTIAL.—A deed executed by one of the trustees of a corporation which has forfeited its charter for failure to pay its license tax transfers no title, unless executed in consummation of some disposition of the property made by all the trustees acting unitedly.

[4] EXECUTION — SALE OF REAL PROPERTY — IMMEDIATE DEED UNAUTHORIZED.—In view of section 700a of the Code of Civil Procedure, the sheriff on a foreclosure sale of real property is without lawful power to do anything in consummation of the sale except to execute to the purchaser a certificate of sale, and a provision in the decree directing him to execute a deed immediately upon the sale is void, but the deed may be given effect as a certificate of sale.

APPEAL from a judgment of the Superior Court of San Diego County. W. A. Sloane, Judge. Reversed.

The facts are stated in the opinion of the court.

Eugene Ferry Smith for Appellants.

C. E. Joslin for Respondent.

The following opinion was prepared by Mr. Justice Kerrigan of the district court of appeal, first appellate district, while acting as justice *pro tempore* of this court in place of Mr. Justice Melvin. It is adopted as the opinion of the court.

THE COURT.—This is an appeal from the judgment in an action brought by the plaintiffs, as trustees of the Palagonite Industrial Mining Company, a defunct corporation, and of the stockholders thereof, to quiet title to four separate mining claims in San Diego County. The complaint is in the form usual in such cases. In the answer of the defendant it is not only denied that the plaintiffs are the owners of the premises or have any interest therein, but facts are therein set forth constituting the basis of the defendant's alleged title, for the quieting of which he also prays the court's decree.

The court by its decision determined, first that the plaintiffs have no interest in these mining claims and are not entitled to any relief in the action; second, that defendant is the owner of the portion claimed by him of the said mining claims. Judgment was entered accordingly, and the plaintiffs appealed therefrom. Plaintiffs also duly presented in the lower court a motion to vacate the judgment and for a new trial. On that motion it was ordered "that the said judgment and decree be vacated and set aside and a new trial be and the same is hereby granted as to all matters contained therein quieting defendant's title to the described premises and as to all affirmative relief to the defendant other than his judgment for costs." At present, therefore, and assuming that the said order did not vacate the entire judgment, it is only necessary to consider that part of the judgment from which the appeal is insisted upon at this time, viz., the determination "that the plaintiff take nothing by this action." This adjudication resulted from a finding that the allegations of the complaint are untrue; in other words, a finding that it is not true that the plaintiffs own or have any interest in the described property.

At the trial it was stipulated that on the second day of June, 1910, title to the said mining claims was vested in the plaintiffs as trustees of the Palagonite Industrial Mining Company and of its stockholders. On this stipulation plaintiffs rested; whereupon the defendant in support of the allegations of his answer introduced in evidence a contract entered into between the plaintiffs and Ralph E. Pearce on the second day of June, 1910, whereby the plaintiffs agreed to convey the premises to Pearce for fifty thousand dollars

upon certain specified conditions, and under which Pearce
went into possession of said claims.  Thereafter on or about
July 15, 1910, Pearce assigned this contract to the Premier
Investment Company, a corporation, at the same time de-
livering to said corporation possession of the premises.  On
August 1, 1910, Margaret Standeford, one of said plaintiffs,
conveyed to Pearce all her interest in the mining claims
as one of the trustees of said defunct corporation, and Pearce
two weeks later conveyed that interest to the Premier Invest-
ment Company.  Oral evidence was also introduced tend-
ing to show a similar conveyance from Mabel E. Anthony
and Ada D. Anthony, the remaining trustees.  While the
Premier Investment Company was in possession of the min-
ing claims debts were incurred by it for work and labor done
thereon, for which liens were filed.  James R. Haddock
became the owner of these liens, and in August, 1911, com-
menced an action to foreclose the same against these plain-
tiffs and the Premier Investment Company.  All of the
defendants in said suit failed to appear and their default
was entered; the judgment, however, ran against the Premier
Investment Company alone.  By it the sheriff was directed
to make a sale of the property and to execute a deed thereof
to the purchaser "for the interest of said defendant Pre-
mier Investment Company."  In the month of May, 1917,
the sheriff of San Diego County sold and conveyed the prop-
erty described in the judgment to the plaintiff therein,
James R. Haddock, who thereafter conveyed it to I. P.
Janssen, the defendant and respondent herein.

It is not claimed by the respondent that the option agree-
ment divested plaintiffs of their title, but that he deraigned
title from the plaintiffs by means of the above-mentioned
conveyances to the Premier Investment Company coupled
with the sheriff's deed made in the foreclosure suit and which
purported to convey to the grantee therein named whatever
interest in the property was owned by said corporation.  As
before stated, the defendant introduced evidence for the pur-
pose of establishing that plaintiffs, as trustees of the Pal-
agonite Industrial Mining Company, had conveyed the real
property involved in this action to the Premier Investment
Company.  Such evidence included a deed from Margaret S.
Standeford, but the only evidence produced tending to show
a similar conveyance by the other two trustees was in the

form of testimony offered and received on the theory, as counsel for the defendant stated, that there had been executed by said plaintiffs as trustees a deed conveying the property to Pearce, which deed had been lost and had not been recorded. There were two witnesses on the subject. The testimony of Charles L. Brown, at one time president of the Premier Investment Company, amounted to nothing more than that "the assignment from Mabel E. Anthony and Ada D. Anthony to Pearce" had been brought to him by Pearce and had been examined by him; that afterward this document and others having been deposited in the files of that company, the papers had been missing, had been searched for, and returned to the files. This testimony was stricken out by the court, except the statement that the papers were missing, were sought for, and returned. J. E. Neal, a bookkeeper of the Premier Investment Company for about a year following September 1, 1910, after examining the deed from Standeford to Pearce and of Pearce to the Premier Investment Company, testified that he saw a paper "similar to the first of these instruments," but whether the wording was just the same he could not say. Further he testified: "I know nothing of any search being made for the papers and was not aware of it. It is among the files of the company now." [1] It is manifest that no sufficient foundation was laid to entitle the defendant to introduce secondary evidence of the contents of the deed said to have been made by plaintiffs Anthony. So far as appears, if searched for, it would have been found and could have been produced at the trial. Moreover, there is no evidence of its delivery by the grantors. It is also clear that the testimony does not show what property, if any, was conveyed thereby.

The only other evidence relied on by the defendant to show that the title of the trustees had passed to him consisted of the decree of the superior court of San Diego County and the sheriff's deed executed to James R. Haddock above referred to, purporting to be made under the authority of that decree, which evidence was received over the objection of plaintiffs. The Premier Investment Company was in possession of the property under the optional contract of purchase, according to the terms of which the corporation was authorized to do certain development work. It was while operating the property under this contract that the company

incurred certain debts for such work for which the mining claims were legally subject to liens as against the plaintiffs as well as against that company. We have already referred to the filing of these liens, their foreclosure by decree of the superior court, and the sheriff's deed to the predecessor in interest of the defendant pursuant thereto. In that proceeding the plaintiff therein proceeded on the theory that the trustees for the Palagonite Industrial Mining Company had only some incidental or subordinate claim to the premises, and that the Premier Investment Company was the only real and substantial owner thereof, and accordingly prayed and was granted a decree ordering the foreclosure of the liens only against the interest of the Premier Investment Company in the property. [2] The sheriff's deed purporting to be made pursuant to the terms of this decree, while broad in its terms, is evidence only against the Premier Investment Company and not against these plaintiffs. (*Donahue* v. *McNulty,* 24 Cal. 411, [85 Am. Dec. 78].) The sheriff's deed could convey no more than directed by the decree, and therefore conveyed to the purchaser only the right, title, and interest of the judgment debtor—the Premier Investment Company. (Code Civ. Proc., sec. 700; *Foorman* v. *Wallace,* 75 Cal. 552 [17 Pac. 680].) Under it the defendant could obtain only the rights of that company under the option contract of plaintiffs with Pearce, and the title conveyed by the deed from Margaret Standeford to Pearce. The option contract gave Pearce only the right to purchase the property on the specified terms, by complying with the conditions therein stated, and the right of possession of the property in the meantime, subject to forfeiture for failure to perform those conditions. It does not appear that that company ever exercised the option or obtained any title under it. Hence the sheriff's deed did not transfer the title of the plaintiffs. [3] The deed of Margaret Standeford, so far as the evidence shows, was of no effect upon the rights and powers of the trustees. The Palagonite Company forfeited its charter on November 30, 1908, because of its failure to pay its license tax as provided in the act of 1905 and amendments thereto. (Stats. 1905, p. 493; Stats. 1907, pp. 664, 746.) The plaintiffs were then its directors, and under the amendment of 1907 (p. 746) they thereupon became trustees of the corporation and its stockholders with full power to

settle its affairs and take such legal proceedings as should be necessary for that purpose. They have the same power under section 400 of the Civil Code. Their powers as trustees include authority to sell and convey the corporate property whenever in their judgment it is necessary for the settlement of the corporate affairs. (*Rossi* v. *Caine,* 174 Cal. 81, [161 Pac. 1161].) There is no provision of the law authorizing them to act separately in the matter. Their powers as trustees must therefore be exercised by the united action of all of them in order to be valid. (Civ. Code, secs. 860, 2268.) The Standeford deed was executed by herself alone, and it purports to be her deed both as trustee of said Palagonite Company and in her own right. As an act in execution of the trust, it was not binding on the trust property and transferred no title, unless it was done in consummation of some disposition of the property made by all the trustees acting unitedly, which does not appear. As a conveyance of her own right, since there is evidence that she was a stockholder in some amount, it would operate to convey whatever title or interest she then had as a stockholder. That title or right, whatever it be, would be subject to the rights and powers of the trustees in settling the corporate affairs, and hence the deed would afford no basis for a judgment against the trustees in this action by them in their trust capacity.

[4] With respect to the sheriff's deed, it is sufficient to say, in anticipation of a new trial, that the sheriff was without lawful power at that time to execute a conveyance of the property, or to do anything in consummation of the sale, except to execute to the purchaser a certificate of sale as provided in the code. (Code Civ. Proc., sec. 700a.) The property was real estate and the sale was made subject to redemption. (Code Civ. Proc., secs. 700a–702.) The sheriff's power to convey did not accrue until there had been a failure to redeem within the time fixed. (Code Civ. Proc., sec. 703.) The direction in the decree that the deed should be made immediately after the sale was contrary to the code and beyond the power of the court. It was, therefore, void. The deed, however, may be given effect as a certificate of sale. It contains all the statutory requirements of a certificate of sale, except the statement that the property is subject to redemption, and as that is declared by the law itself,

its omission in the certificate does not affect the validity of the sale, nor deprive the document of effect as a certificate showing the sale upon the decree. A deed based thereon made after the failure to redeem within the year is, however, necessary to complete the transfer of the right of the Premier Investment Company to the purchaser or his successors in interest.

Under all these circumstances it is clear that the evidence fails to show, as found by the court, that the plaintiffs have no interest in the property. The judgment that they take nothing by their action and that the defendant recover costs is, therefore, erroneous.

The judgment is reversed.

Olney, J., Shaw, J., Lawlor, J., Lennon, J., and Angellotti, C. J., concurred.