[Civ. No. 4358.    First Appellate District, Division Two.—January 25, 1923.]

## JOHN TONNINGSEN, Respondent, v. ODD FELLOWS' CEMETERY ASSOCIATION, Appellant.

[1] MORTGAGES—FORECLOSURE—RIGHTS OF REDEMPTION.—Where property is transferred as security for certain indebtedness and, although the instrument recites that it is a deed of trust or mortgage and purports to give the grantee the right either to sell at public auction or to proceed to foreclose and sell under a decree of foreclosure, the grantee treats the instrument as a mortgage and pursues the latter method, sections 700a, 701, and 702 of the Code of Civil Procedure are applicable, and the sale of the property can only be made subject to redemption.

[2] ID.—VOID JUDGMENT—COLLATERAL ATTACK.—The judgment in the foreclosure proceeding, in so far as it barred the right of redemption, was void, and not merely irregular, and therefore was subject to collateral attack.

[3] ID. — TENDER FOR REDEMPTION — TITLE — EJECTMENT.—Plaintiff's predecessor in interest having made a valid and sufficient tender for redemption within the time specified by the statute, that was sufficient to divest defendant of any title it acquired by reason of its purchase of the property at the foreclosure sale, notwithstanding the judgment in the foreclosure proceeding barred the right of redemption; and plaintiff was entitled to recover in an independent action in ejectment.

APPEAL from a judgment of the Superior Court of San Mateo County. George H. Buck, Judge. Affirmed.

The facts are stated in the opinion of the court.

Lent & Humphrey and Robert Mack Light for Appellant.

Stoney, Rouleau, Stoney & Palmer and R. M. J. Armstrong for Respondent.

LANGDON, P. J.—This is an appeal by the defendant from a judgment for plaintiff in an action in ejectment. Exception is taken to certain of the findings of fact and it is contended that they do not support the conclusions of law and the judgment.

Since 1904, defendant has been in possession of certain land in San Mateo County, which it used for a cemetery. Its possession was held under certain contracts to purchase, made with the predecessors in interest of the plaintiff, as vendors. These vendors transferred the said property to the Union Trust Company of San Francisco, subject to the rights of defendant, as security for the payment of certain bonds of the vendors. On January 23, 1917, default having been made in the payment of the bonds, the Union Trust Company commenced an action in the superior court in and for the county of San Mateo to foreclose the equity in said property, under the terms of the deed conveying the property to it as security.

There is considerable discussion in the briefs as to whether this conveyance for security should be regarded as a deed of trust or a mortgage. The instrument itself recites that it is a deed of trust or mortgage and provides that in case of default in payment of the bonds, the Union Trust Company, at the request of the bondholders, may sell the property at public auction or may proceed to foreclose the mortgage or deed of trust and sell all of said property under a decree of foreclosure by the court having competent jurisdiction. The trust company pursued the latter method. For the purposes of this case, the instrument was treated as a mortgage and foreclosed as such, and, therefore, the question of whether this instrument was, technically, a deed of trust or a mortgage is not controlling here.

On September 13, 1917, a judgment and decree of foreclosure and sale was made and entered in the foreclosure action. This judgment contained a provision that immediately

upon the execution of the commissioner's certificate of sale, he should deliver his deed to the purchaser for the property sold and that from and after the delivery of the deed, the defendants in the foreclosure action and all persons claiming under them, should be barred and foreclosed of all right, title, and interest, lien, or claim or equity of redemption in and to the property. No appeal was taken from this judgment. The commissioner appointed by the court sold the property and it was purchased by the defendant and appellant herein for $9,960. As directed by said decree, the commissioner executed a certificate of sale and immediately thereafter executed and delivered to the defendant and appellant herein his deed as commissioner, which deed constitutes defendant's claim to title.

Plaintiff's claim to the property arises by reason of the fact that through successive transfers, he acquired the rights in the property, if any, which existed in favor of the mortgagor under the deed of trust or mortgage, given to the Union Trust Company. On October 2, 1918, one, Tuchsen, plaintiff's predecessor in interest in said rights, if any, tendered to the defendant and appellant herein (the purchaser at the foreclosure sale) a sufficient sum to redeem the property if the sale was one subject to redemption, which tender was refused. On the following day Tuchsen conveyed any interest which he had in the property to the present plaintiff, who relied on said tender to divest the defendant and appellant herein of title, and brought the present action in ejectment, thus collaterally attacking the judgment in the foreclosure action which had cut off the right of redemption.

The trial court gave judgment for the plaintiff upon the theory that the decree of strict foreclosure, without allowing the right of redemption, rendered in the former action, was void because it was violative of sections 700a, 701, and 702 of the Code of Civil Procedure.

The defendant has appealed from this judgment and advances numerous ingenious arguments to sustain its first contention, which is that the portion of the judgment in the foreclosure action barring the right of redemption was proper.

The second contention of appellant is that even if the decree in the foreclosure action was erroneous in barring the right of redemption, the error was one that could only be

taken advantage of upon appeal and did not render the judgment void so as to subject it to collateral attack.

[1] It is not necessary to discuss the arguments advanced by appellant in support of its first contention; it is sufficient for us to say that sections 700a, 701, and 702 of the Code of Civil Procedure are applicable to the situation presented in the foreclosure proceedings. The sale was of real property and could only be made subject to redemption. (*Anthony* v. *Janssen*, 183 Cal. 329, 334 [191 Pac. 538].)

[2] The second contention of appellant offers a more serious problem. Some authorities from other jurisdictions would seem to sustain the appellant's position, and it is elementary, of course, that judgments of courts of competent jurisdiction may not be collaterally attacked for mere errors or irregularities. However, in the present case, the judgment barring the right of redemption presents more than a mere irregularity; it was beyond the power of the court. It was said in the case of *Anthony* v. *Janssen, supra:* "The direction in the decree that the deed should be made immediately after the sale was contrary to the code and beyond the power of the court. It was, therefore, void."

In the case of *Sache* v. *Gillette*, 101 Minn. 169 [11 Ann. Cas. 348, 118 Am. St. Rep. 612, 11 L. R. A. (N. S.) 803, 112 N. W. 386], it was stated that while the courts were not in full harmony as to what constitutes a mere irregularity in judgments, nevertheless, "proceedings outside the authority of the court, or in violation or contravention of statutory prohibitions, are, whether the court have jurisdiction of the parties and subject matter of the action or proceedings, or not, utterly void. (*In re Simmons*, 62 Ala. 417; *In re Gibson*, 31 Cal. 618 [91 Am. Dec. 546]; *Barton* v. *Saunders*, 16 Or. 51 [8 Am. St. Rep. 261, 16 Pac. 921].) The mere fact that the court has jurisdiction of the subject matter of an action does not justify an exercise of a power not authorized by law, or a grant of relief to one of the parties the law declares shall not be granted. . . . Although every exercise of power not possessed by a court will not necessarily render its action nullity, it is clear that every final act, in the form of a judgment or decree, granting relief the law declares shall not be granted, is void, even when collaterally called in question. . . . The case of *Ritchie* v. *Sayers* (C. C.), 100 Fed. 520, involved a collateral attack on a judgment, and the court

after referring to the rule as generally stated in the books, namely, that the judgment of a court having jurisdiction of the parties and the subject matter of the action is conclusive and cannot be collaterally called into question, said: 'That may be conceded. But the question is, did it have jurisdiction to enter the particular decree and judgment that it did enter? As we have before seen, we reach the conclusion that the particular judgment could not be entered; and it is a well-settled principle that, although a court may have jurisdiction of a case, yet, if it appears from the record that it did not have jurisdiction to enter the particular decree and judgment, it may be collaterally attacked'—citing *United States* v. *Walker*, 109 U. S. 258 [27 L. Ed. 927, 3 Sup. Ct. Rep. 277, see, also, Rose's U. S. Notes] ; *Ex parte Nielsen*, 131 U. S. 176 [33 L. Ed. 118, 9 Sup. Ct. Rep. 672] ; *Ex parte Cuddy*, 131 U. S. 280 [33 L. Ed. 154, 9 Sup. Ct. Rep. 703] ; *Folger* v. *Insurance Co.*, 99 Mass. 267 [96 Am. Dec. 747] ; *Seamster* v. *Blackstock*, 83 Va. 232 [5 Am. St. Rep. 562, 2 S. E. 36]."

In said case of *Sache* v. *Gillette, supra,* the court considered carefully the authorities which hold that a judgment giving relief in excess of that warranted by the statute is merely irregular and not void, but concluded that "the weight of authority sustains the proposition that at common law the judgment is void for want of jurisdiction. In fact, it may be said our statute created no new rule on the subject, but merely adopted that existing at common law. It is laid down in Black on Judgments, 242, as a general principle, that, in addition to jurisdiction of the parties and subject matter of the action, it is necessary to the validity of a judgment that the court should have had jurisdiction of the precise question which the judgment assumes to decide, or the particular remedy or relief which it assumes to grant. Support for this doctrine is found in numerous well-considered cases. . . . The tendency of the courts to enlarge the definition of 'jurisdiction,' by many text-writers and judges seemingly limited to authority over the subject matter and parties, is referred to in *Newman* v. *Bullock*, 23 Colo. 217 [47 Pac. 379], with the statement that it should, properly defined, include, not only power to hear and determine, 'but power to render the particular judgment in the particular case.' "

"A judgment may be collaterally attacked where the court had jurisdiction of the parties and subject matter of the action but did not have jurisdiction of the question which the judgment assumes to determine or power to grant the particular relief which it assumes to afford to the litigants." (15 R. C. L., sec. 327.)

We conclude that the judgment in the foreclosure proceeding, in so far as it barred the right of redemption, was void and subject to collateral attack. The only evidence relied upon by defendant in support of its claim was the deed of the sheriff executed and delivered to the defendant on the day of the sale, one year before the period of redemption had expired. Its admission in evidence was objected to by plaintiff at the time of the trial on the ground that it was void.

[3] It is admitted that plaintiff's predecessor in interest made a valid and sufficient tender for redemption of the property was subject to redemption. This was sufficient to divest any title which the defendant had. (*Leet* v. *Armbruster*, 143 Cal. 663 [77 Pac. 653].) The plaintiff was entitled to recover in an action in ejectment. (*Leet* v. *Armbruster, supra.*)

The judgment is affirmed.

Sturtevant, J., and Nourse, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 26, 1923.

All the Justices concurred.