[L. A. No. 8426. In Bank.—December 1, 1927.]

## KATHRYN W. HUTTON, Respondent, v. WILLIAM CHAPMAN et al., Appellants.

[1] MORTGAGES — FORECLOSURE SALE — REDEMPTION — PAYMENT INTO COURT.—The right and procedure to redeem property sold under execution are statutory; but after a sale upon the foreclosure of a mortgage, which was by an elisor appointed by the court, the payment of the redemption money into court, under a court order, although not a strict compliance with section 704 of the Code of Civil Procedure, is valid, where it is shown that the redemptioner made an honest, but fruitless, effort to find the elisor to make payment to him.

---

(1) 42 C. J., p. 404, n. 10.

APPEAL from a judgment of the Superior Court of Los Angeles County. William D. Dehy and Franklin J. Cole, Judges, Presiding. Affirmed.

The facts are stated in the opinion of the court.

Charles Lantz, W. P. Hyatt and F. C. Huber for Appellants.

Charles S. Conner for Respondent.

THE COURT.—This action was instituted by the plaintiff to quiet her title to certain real property situate in the county of Los Angeles. The court found the allegations of the complaint to be true and entered judgment as prayed

for. From this judgment the defendants prosecuted their appeal.

It appears that a mortgage had been executed upon the said real property at a time prior to the commencement of this action to quiet title which is based in part upon respondent's asserted redemption of the property after foreclosure sale. The foreclosure sale was conducted by an elisor regularly appointed by the superior court wherein the foreclosure proceedings had been litigated. In this connection the court in this action found, among other things, that "it is true that prior to the expiration of the time for redemption the plaintiff herein became seized and possessed of the title to said real estate and was desirous of redeeming said real estate from the lien of said mortgage and the said judgment and decree and the said sale. That she was ignorant of and not informed of the appointment of said Garroway as elisor and did not know that a sale had been made by him as elisor and did, on the 25th day of November, 1922, apply to Messrs. Charles Lantz, W. P. Hiatt and F. C. Hubert, attorneys for said William Chapman, at their office at 314 Wilcox building, city of Los Angeles, to make the said redemption. That for the purpose of such redemption and that the plaintiff herein might receive a certificate of redemption it was agreed by and between Charles S. Conner, attorney for the plaintiff herein and the attorneys for said William Chapman, aforesaid, at their office aforesaid, that the attorney for the plaintiff, Kathryn W. Hutton and the defendant William Chapman should meet on the 27th day of November, 1922, at the office of the sheriff of said Los Angeles county in the city of Los Angeles and perfect said redemption and the plaintiff, by and through her said attorney, Charles S. Conner, at the time agreed upon and at the office of said sheriff as agreed upon, appeared for the purpose of said redemption, but the attorney for the said defendant, William Chapman, did not appear as agreed or at all and the plaintiff, acting by and through her attorney duly authorized thereunto the said Charles S. Conner and being ignorant as to the whereabouts of the said Garroway applied to this honorable court, to wit: Frank R. Willis, Judge thereof as to how and in what manner such redemption might be made and the said court, on the 27th day of November, 1922, made and entered its order of redemp-

tion in said cause #B44611 in the words and figures, following, to-wit:

"'Good cause being shown it is ordered that the entered amount of money in the case necessary for the redemption be paid by Kathryn W. Hutton as successor in interest to certain defendants herein and be paid to the County Clerk of this County in lieu of the payment to the purchaser or the elisor who made the said sale.

"'(Signed) FRANK R. WILLIS, Judge.'

"That pursuant to the said order and the provisions thereof the plaintiff herein did deposit and paid to the Clerk of said Court the sum of $2000 for the use and benefit of said William Chapman in the redemption of said real estate and the whole thereof sold as aforesaid. That the sum of $2000 was sufficient and more than sufficient to redeem the said property from said sale and that by reason of such payment the plaintiff herein claims the right to have the title of said real estate and the whole thereof quieted in her favor and against the defendants." Our examination of the record discloses that the foregoing finding has ample support therein.

[1] It is contended by the appellants that the respondent's purported redemption of the property was ineffective for any purpose in that she failed to comply with the provisions of section 704 of the Code of Civil Procedure which require that redemption payments "be made to the purchaser or redemptioner, or for him, to the officer who made the sale." As appears from the above-quoted finding, the respondent's redemption payment was, pursuant to order therefor, made to the clerk of the superior court wherein the foreclosure proceedings had been heard. While we are aware that the right and procedure to redeem property sold under execution are statutory (*Bangham* v. *Michael,* 179 Cal. 390 [177 Pac. 161]), yet we are of the view that respondent's payment into court of the redemption money, though not a strict compliance with the provisions of section 704 of the Code of Civil Procedure, was sufficient compliance therewith to accomplish the desired result. An elisor is but an officer of the appointing court and it would seem, therefore, that respondent's payment into court, under the circumstances presently to be narrated, should be held to constitute payment to such officer. There is evidence in the

record which tends to disclose that earnest effort had been made on behalf of the respondent to ascertain the whereabouts of the officer who had conducted the foreclosure sale in order that the contemplated redemption might be successfully effectuated. Inspection of the Los Angeles city directory revealed to counsel for respondent that the elisor maintained a joint office with counsel for the appellant Chapman, the then holder of the certificate of sale issued by such elisor. The testimony of the elisor likewise indicates that his office address was, for a time at least, identical with that of counsel for the appellant Chapman. Inquiry for the elisor at that office failed to bring the parties together. In view of this apparently sincere but fruitless effort to find the officer who had conducted the foreclosure sale and in view of the finding of the trial court that appellant Chapman's counsel neglected to keep an appointment with respondent's counsel to complete and effectuate a redemption of the property, we are of the opinion that respondent's payment into court was sufficient compliance with the statutory provisions to work a redemption of the property here involved. We have examined and considered the numerous other contentions advanced by the appellants and have found therein nothing that would suggest a conclusion differing from that announced.

The judgment appealed from is affirmed.

Rehearing denied.