[Civ. No. 3551. Third Appellate District.—September 17, 1928.]

I. P. JANSSEN et al., Appellants, v. ADA D. ANTHONY TATE et al., Respondents.

Charles L. Brown and Hamilton & Lindley for Appellants.

Arthur F. H. Wright and C. G. Selleck for Respondents.

WEYAND, J., *pro tem.*—On the twentieth day of August, 1924, the complaint herein was filed in the superior court of San Diego County to partition certain mining property in said county and to impress the whole of the said mining property with a lien claimed by I. P. Janssen for sums expended by him for the preservation of said property.

The plaintiffs were I. P. Janssen, individually, and I. P. Janssen as administrator of the estate of Enho Janssen, deceased, and I. P. Janssen as trustee of the Pacific Paint Products Company, a defunct corporation. The complaint avers that the paint company forfeited its charter and ceased to exist as a corporation on March 4, 1922. The only claim of ownership in plaintiff, either individually, or as administrator of the estate of Enho Janssen, or as trustee of the defunct paint company, arises out of ownership of stock in the said defunct company, or because I. P. Janssen was a director of the defunct corporation when it forfeited its charter.

The answer in the suit denies generally the allegations of ownership in the property sought to be partitioned, the expenditures by Janssen, and further pleads an estoppel in the way of a judgment rendered as against the plaintiff I. P. Janssen, and the Pacific Paint Products Company on April 15, 1921, in an action wherein the defendant herein, Ada D. Anthony Tate, and others, quieted title to the same property as against the said I. P. Janssen and the Pacific

Paint Products Company. This case is reported in 183 Cal. 329 [191 Pac. 538].

There is no claim of plaintiffs in the present case that between the fifteenth day of April, 1921, and the commencement of the present action on the twentieth day of August, 1924, the plaintiff individually, or the said Enho Janssen, or his estate, or the said Pacific Paint Products Company acquired any independent interest in the said property. Judgment in the present case was for defendants and the plaintiffs appeal.

While in the record there is presented much collateral matter, we are unable to see the relevancy of much that is attempted to be presented to this court. In the present case the plaintiffs introduced the judgment-roll in the case of *Anthony et al. v. Janssen, and Pacific Paint Products Co., Intervener.* From that judgment-roll, in the case of *Anthony v. Janssen,* it appears from the findings of the court that on November 30, 1908, the Palagonite Mining Company owned the property in controversy. June 2, 1910, the trustees of that corporation entered into an executory contract of sale to one Ralph E. Pearce; August 1, 1910, Margaret Standeford, one of the trustees of the Palagonite Mining Company and a stockholder therein, sold and conveyed her interest as such stockholder to said Pearce; August 15, 1910, Pearce sold and conveyed all of his interest in the property to the Premier Investment Company. That company caused certain work to be done in the development of the mining property, for which it failed to pay. The laborers filed liens and the property was, under a proceeding to foreclose the liens, sold to one James R. Haddock.

This judgment did not run, however, against the trustees of the Palagonite Mining Company and they were not bound thereby.

On June 21, 1912, Haddock sold all of his interest in the said property to Janssen, and on January 30, 1914, Janssen conveyed all of his interest therein to Pacific Paint Products Company.

In 1914 all of the purchasers' rights under the Pearce contract were forfeited for nonperformance under his executory contract, but the Pacific Paint Products Company still retained whatever rights were acquired by it from Margaret Standeford as an individual stockholder.

· The conclusion logically follows as found by the court in *Anthony* v. *Janssen:* "That the Pacific Paint Products Company, a corporation, is now the successor in interest of the rights of Margaret Standeford, as an individual and a stockholder in the Palagonite Industrial Mining Company, a defunct corporation."

The decree in that case provides: "It is further ordered, adjudged and decreed that the intervener, Pacific Paint Products Company, is the owner of and has succeeded to all the individual rights of Margaret Standeford as a stockholder of the Palagonite Mining Company in and to the assets of said defunct corporation."

At the commencement of the present action the Pacific Paint Products Company was merely a stockholder in the Palagonite Company. (*Anthony* v. *Janssen,* 183 Cal. 329 [191 Pac. 538].) Plaintiffs were not entitled to reimbursement for expenditures made under the Pearce contract, as all of their rights under that contract were forfeited.

A stockholder of a defunct corporation cannot maintain an action for partition until the affairs of the corporation are wound up and its debts paid, in the absence of a showing that the trustees have funds in their hands to pay such debts. (*Capuccio* v. *Caire,* 189 Cal. 514 [209 Pac. 367].)

There was no attempt to have any settlement of the affairs of the Palagonite Company in the instant case. As before stated, the plaintiffs introduced in evidence the judgment-roll in the case of *Anthony* v. *Janssen.* This judgment conclusively shows that they have no interest in the property of the Palagonite Company, except as stockholders. The evidence offered by them and rejected and the evidence stricken out having no bearing on their alleged interest, it was immaterial. The plaintiffs' own evidence conclusively shows that the judgment of nonsuit was properly entered.

The judgment in *Anthony* v. *Janssen* also fully adjudicates Janssen's claim for moneys expended in the preservation of the property, holding that he had no such claim.

The judgment of the trial court is affirmed.

Hart, J., and Finch, P. J., concurred.