[Civ. No. 12747. First Dist., Div. Two. Dec. 29, 1944.]

W. C. WILDE, Appellant, v. M. J. MURPHY, INC. (a Corporation), Respondent.

W. C. Wilde, in pro. per., for Appellant.

John Milton Thompson, W. H. Orrick, Orrick, Dahlquist, Neff, Brown & Herrington for Respondent.

STURTEVANT, J.—In an action of ejectment the trial court made findings in favor of the defendant. From the judgment entered on those findings the plaintiff has appealed. The controversy arose out of the following facts. Both parties claim they succeeded to the title of Claribel H. Zuck. February 4, 1941, Claribel H. Zuck became the owner of the property in dispute. Thereafter she commenced the construction of two houses thereon. Before doing so she negotiated a loan of $5,000 from Nucleus Building and Loan Association and to secure the payment of said loan she executed a trust deed in favor of certain trustees. During the following months the construction continued. The claims of laborers and materialmen were not paid and the claimants, including M. J. Murphy, Inc., filed mechanics' liens against said property. In February, 1942, M. J. Murphy, Inc., had become the assignee of said claims of lien and it commenced an action to foreclose said liens. Said action was commenced in the Superior Court of Monterey County. It was entitled *M. J. Murphy, Inc.* v. *Claribel Haydock Zuck and W. C. Wilde.* It was numbered No. 21835. In that action a judgment of foreclosure was entered June 18, 1942, and Silas W. Mack was named as commissioner to satisfy said judgment for $4,537.16. Later a sale was had and said commissioner sold said property to M. J. Murphy, Inc., for $100.

In the meantime A. G. Wilde, the wife of the plaintiff, commenced an action, No. 21004, against Claribel H. Zuck,

took out an attachment and caused it to be levied May 5, 1941, on said property for $1,523.40. Judgment in favor of Mrs. Wilde was entered. Later an abstract thereof was recorded in the office of the Recorder of Monterey County on October 7, 1941. Thereafter, on December 11, 1941, a writ of execution was issued. On January 9, 1942, all of said property was sold by a constable of Monterey County to said A. G. Wilde. On January 12, 1942, she assigned to W. C. Wilde, this plaintiff, her interest in said property and the said constable's certificate. On January 30, 1943, the said constable executed his deed of said property. On May 10, 1943, plaintiff served a written notice on M. J. Murphy, Inc., and on Silas W. Mack that plaintiff redeemed said property. Said plaintiff accompanied said notice with his check in the sum $106.67—$100 the above mentioned purchase price and interest thereon at the rate of two-thirds of 1 per cent per month from July 28, 1942.

 Under the foregoing facts the plaintiff claims he qualified as a redemptioner and that as such he was entitled to redeem. We think his claim may not be sustained. Section 702 of the Code of Civil Procedure states the procedure to be followed by one who attempts to redeem. In clear language it is stated that he must pay to the purchaser "the amount of his purchase, with two-thirds of one per cent per month . . . together with the amount of any assessment or taxes, and any reasonable sum of [for] fire insurance, maintenance, upkeep, or repair of the improvements upon the property. . . ." Continuing said section provides that if there is a disagreement between the purchaser and redemptioner as to whether the amount claimed for fire insurance, maintenance, upkeep, or repair, is a reasonable charge the redemptioner shall pay to the clerk of the court the amount he concedes to be due and at the same time file a petition asking the trial court to determine the correct amount. It is further provided that the trial court will hear the petition and determine the amount. If the amount so determined exceeds the sum theretofore deposited by the redemptioner an additional sum must also be deposited with the clerk. Having received the full sum determined by the court the clerk of the court will then pay it to the purchaser. The privileges conferred by said section are purely statutory. In *Bangham* v. *Michael*, 179 Cal. 390, at page 392 [177 P. 161], the court said: "The

right of the holder of a junior lien to redeem property sold under a decree of foreclosure of a prior mortgage thereon is purely statutory, and in the absence of a compliance therewith, a tender of the money required to redeem is wholly ineffectual for the purpose. The power of the sheriff or that of a commissioner acting in the matter is altogether statutory, and his acts are nugatory unless the provisions of the statute are pursued.'' That rule is sustained by the great weight of the authorities. (See texts and notes as follows: Freeman on Executions, § 314; 36 Am.Jur. 175; 40 C.J. 761.)

The findings are very full and complete. Among other things the trial court found that the purchaser, besides paying the purchase price, also paid for: ''Premiums for fire insurance on said building $70.15; taxes on said real property $5.33; maintenance, upkeep and repair $3,069.27. That, in addition, Anderson-Doughtery, Hargis Co. (a corporation), at the special instance and request of defendant, performed necessary work on said buildings in connecting sewers, installing plumbing, water heater, sinks and toilets, and other work at a cost of $264.98; that said last mentioned sum has not been paid, but said defendant is obligated to pay the same to said Anderson-Dougherty Hargis Co. Total $3,409.73.'' Those amounts were found to be the reasonable sums and that the payments were made in good faith; that the parties disagreed as to the amount payable; that the plaintiff tendered no other sums; that he did not deposit his tender with the clerk; that he did not file a petition asking the trial court to determine the amount; that he did not attempt to redeem until ten months after the date of the purchase; that he stood by and saw the defendant making said expenditures; and that the plaintiff is acting in bad faith.

The plaintiff contends, ''Tender and refusal is equivalent to payment in effecting completion of redemption and authorizes ejectment.'' He cites and relies on *Leet* v. *Armbruster,* 143 Cal. 663 [77 P. 653]. But that contention is too broad. The court said on page 667, ''. . . that a *proper tender,* even if refused, works a divestiture of the purchaser's estate,—there can be no doubt. Our code declares (Civ. Code, § 1504) that an offer of payment, or other performance *duly* made, though the title to the thing offered be not transferred to the creditor, stops the running of interest on the obligation, and has the same effect upon all its incidents as performance.'' (Italics ours.) But in that case the trial court held (p. 666)

 

that the amount of the tender was sufficient. *Tonningsen* v. *Odd Fellows' Cem. Assn.*, 60 Cal.App. 568, 570 [213 P. 710], is to the same effect. But in the instant case, as shown above, the trial court made findings fully supported by the evidence that the alleged tender was insufficient and that it did not comply with several provisions of the statute. (Code Civ. Proc., § 702.)

A most casual reading of the provisions of section 702, Code of Civil Procedure, discloses that the trial court on the hearing of a petition filed thereunder will cause an order to be ''entered in the minutes of said court determining the amount required for redemption.'' But no such order was asked and none was made. In reply the plaintiff now seeks in this proceeding to inject such matters as an issue; that is, he would in this proceeding inquire for what purposes the purchaser may make expenditures and for what amounts. The statute is not so written. Such matters are by the statute confined to the redemption proceeding.

The judgment appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.