[Civ. No. 10219. Second Appellate District, Division Two.—April 10, 1936.]

CLARENCE E. MICHEL, Appellant, v. W. C. WILLIAMS et al., Defendants; PEOPLES LUMBER COMPANY, Respondent.

Mark H. Edwards for Appellant.

Wayne L. Clark for Respondent.

WOOD, J.—Plaintiff commenced this action to quiet title against defendant Peoples Lumber Company, a corporation, and certain individual defendants. The corporation failed to answer and its default was entered February 14, 1933. The individual defendants filed an answer and cross-complaint and upon the trial plaintiff recovered judgment. The court, apparently through inadvertence, rendered judgment against all the defendants for costs in the sum of $189.05. These matters appear in the judgment roll. More than six months after entering of the judgment the defendant corporation filed a motion to be relieved from the purported judgment for costs. This motion was granted on October 17, 1934, and plaintiff appeals from this order.

It is provided in section 739 of the Code of Civil Procedure: "If the defendant in such action (quiet title) disclaim in his answer any interest or estate in the property, or suffer judgment to be taken against him without answer, the plaintiff cannot recover costs." It is conceded that the court should not have rendered judgment for costs against the defendant corporation but plaintiff contends that after the expiration of six months from the time of entering the judgment the court was without jurisdiction to modify the judgment by relieving the corporation from the payment of costs. It is claimed that the judgment was erroneous but not void.

The position of plaintiff is not an enviable one. The order relieving defendant corporation from the effects of an unfair and illegal judgment should be sustained unless its reversal is made mandatory by clear provisions of the law. "A judgment which is void upon its face, and which requires only an inspection of the judgment roll to demonstrate its want of vitality is a dead limb upon the judicial tree, which should be lopped off, if the power so to do exists." (*People* v. *Greene*, 74 Cal. 400 [16 Pac. 197, 5 Am. St. Rep. 448].) The court has power to vacate an order void upon its face at any time upon its own motion or upon motion of a party. (*People* v. *Davis*, 143 Cal. 673 [77 Pac. 651].) "If a court grants relief, which under no circumstances it has any authority to grant, its judgment is to that extent void." (1 Freeman on Judgments, sec. 120–c.)

In *Grannis* v. *Superior Court,* 146 Cal. 245 [79 Pac. 891, 106 Am. St. Rep. 23], the lower court had entered a final decree of divorce in disregard of the statutory requirement that only an interlocutory decree should be entered. After the judgment became final a motion was made to vacate ''so much of the decree as awards to the said plaintiff an absolute divorce''. The Supreme Court denied a petition for a writ of prohibition by which it was sought to prevent the superior court from granting the motion. The court said: ''But where the question upon which the jurisdiction depends is one of law purely the jurisdiction over the subject matter is always open to collateral inquiry . . . The judgment in question, being wholly void as a final judgment granting an immediate divorce, it was within the power of the superior court at any time, on motion of either party or of its own motion, to declare it null, in so far as it purported to be of such effect.'' In *Tonningsen* v. *Odd Fellows' Cemetery Assn.,* 60 Cal. App. 568 [213 Pac. 710], the trial court had improperly entered a judgment of foreclosure without giving the right of redemption. The reviewing court said: ''We conclude that the judgment in the foreclosure proceeding, in so far as it barred the right of redemption, was void and subject to collateral attack.'' In *Sache* v. *Wallace,* 101 Minn. 169 [112 N. W. 386, 118 Am. St. Rep. 612, 11 Ann. Cas. 348, 11 L. R. A. (N. S.) 803], the court said: ''Proceedings outside the authority of the court, or in violation or contravention of statutory prohibitions, are, whether the court have jurisdiction of the parties and subject-matter of the action or proceedings, or not, utterly void. (*In re Simmons,* 62 Ala. 416, 417; *In re Gibson,* 31 Cal. 619 [91 Am. Dec. 546]; *Barton* v. *Saunders,* 16 Or. 51 [8 Am. St. Rep. 261, 16 Pac. 921].) The mere fact that the court has jurisdiction of the subject-matter of an action before it does not justify an exercise of a power not authorized by law, or a grant of relief to one of the parties the law declares shall not be granted. . . . Although every exercise of power not possessed by a court will not necessarily render its action a nullity, it is clear that every final act, in the form of a judgment or decree, granting relief the law declares shall not be granted, is void, even when collaterally called in question. . . . The case of *Ritchie* v. *Sayers* (Civ. Code), 100 Fed. 520, involved a collateral attack on a judgment, and

the court after referring to the rule as generally stated in the books, namely, that the judgment of a court having jurisdiction of the parties and the subject-matter of the action is conclusive and cannot be collaterally called into question, said: 'That may be conceded, but the question is, did it have jurisdiction to enter the particular decree and judgment that it did enter? As we have before seen, we reach the conclusion that the particular judgment could not be entered; and it is a well-settled principle that, although a court may have jurisdiction of a case, yet, if it appears from the record that it did not have jurisdiction to enter the particular decree and judgment, it may be collaterally attacked.' "

In a proceeding in which the court is permitted to render judgment for costs an award of an excessive amount doubtless would be erroneous and not void and therefore could not be modified after the expiration of the six months' period. An award of costs against a party defaulting in a quiet title action is a "grant of relief to one of the parties which the law declares shall not be granted" and is therefore void. The court was without authority to enter a judgment for costs against the defendant corporation and the order relieving the corporation from this part of the judgment was proper. The plaintiff points out that in the order of October 17, 1934, the court vacated as against all defendants the part of the judgment providing for costs. The order should have been made applicable to the defendant corporation only.

It is ordered that the order of the superior court entered on October 17, 1934, be affirmed in so far as it relieves the defendant Peoples Lumber Company from the payment of costs. The said order is reversed in so far as it relieves other defendants from the payment of costs.

Crail, P. J., and McComb, J., *pro tem.*, concurred.