[No. B212165. Second Dist., Div. One. Oct. 28, 2009.]

311 SOUTH SPRING STREET COMPANY, Plaintiff and Respondent, v. DEPARTMENT OF GENERAL SERVICES, Defendant and Appellant.

**COUNSEL**

Edmund G. Brown, Jr., Attorney General, James M. Schiavenza, Assistant Attorney General, Joel A. Davis and Donna M. Dean, Deputy Attorneys General, for Defendant and Appellant.

Gilchrist & Rutter, Frank Gooch III, Phillipa L. Altmann; Gilbert Dreyfuss and Gilbert Dreyfuss for Plaintiff and Respondent.

---

**OPINION**

**MALLANO, P. J.**—The Department of General Services of the State of California (State) appeals from a postjudgment order denying its request to vacate that portion of a judgment awarding postjudgment interest against State at a rate of 10 percent, which is contrary to article XV, section 1 of the California Constitution, providing for 7 percent interest. We conclude that the order is appealable because it gives effect to that portion of a judgment awarding postjudgment interest which is claimed to be void. Further, we determine that the award in excess of 7 percent interest is void and thus subject to collateral attack because it constitutes relief which the court had no power to grant. Accordingly, on remand the trial court will be directed to vacate that portion of the judgment awarding postjudgment interest in excess of 7 percent.

## BACKGROUND

Plaintiff is a commercial landlord who sued State for breach of a lease and obtained a judgment against State for damages of approximately $5.4 million, plus prejudgment interest and postjudgment interest at the rate of 10 percent. Although State filed numerous objections to the proposed judgment, State did not challenge the postjudgment interest rate of 10 percent. State appealed from the judgment but did not challenge the postjudgment 10 percent interest rate on appeal. In May 2008, we upheld the judgment in favor of plaintiff. (See *311 South Spring Street Company v. Department of General Services* (May 29, 2008, B195245) [nonpub. opn.].) The remittitur was issued on July 31, 2008.

On August 4, 2008, plaintiff received a check from State for $6,170,681.45. According to plaintiff, the check was short by $440,205.52.

State withheld that part of the judgment representing the award of postjudgment interest in excess of 7 percent, claiming that plaintiff is entitled to only a 7 percent rate pursuant to California Constitution, article XV, section 1.[1]

Plaintiff filed a motion for an order compelling State to satisfy the remainder of the judgment. State filed opposition in which it argued, among other things, that the portion of the judgment awarding postjudgment interest in excess of 7 percent was void and subject to collateral attack at any time. In its reply, plaintiff addressed the issues of whether the trial court had jurisdiction to amend the final judgment and whether State had waived its objection to the amount of postjudgment interest by failing to raise the objection in a timely manner.

At the hearing on the motion, State again contended that the part of the judgment awarding postjudgment interest in excess of 7 percent was void. The motion was heard and granted on September 16, 2008. On September 16, 2008, an order was entered providing that State "must satisfy the money judgment entered against it in this action by October 1, 2008."

State appeals from the September 16, 2008 order, contending that (1) the trial court acted in excess of its jurisdiction by granting plaintiff's motion because the judgment against State can be enforced only pursuant to the provisions of Government Code section 965.6, which plaintiff did not follow, and (2) the portion of the judgment awarding postjudgment interest at a 10 percent rate is void and subject to collateral attack at any time, even after appeal from the judgment.

Plaintiff filed a motion to dismiss the appeal on the ground that the September 16, 2008 order is not appealable because the instant appeal involves issues that could and should have been raised in the prior appeal from the underlying judgment. State filed opposition to the motion to dismiss,

---

[1] Article XV, section 1 of the California Constitution provides in pertinent part: "The rate of interest upon a judgment rendered in any court of this state shall be set by the Legislature at not more than 10 percent per annum. . . . [¶] In the absence of the setting of such rate by the Legislature, the rate of interest on any judgment rendered in any court of the state shall be 7 percent per annum."

Government Code section 965.5, subdivision (b) provides: "A judgment for the payment of money against the state or a state agency is not enforceable under Title 9 (commencing with Section 680.010) of Part 2 of the Code of Civil Procedure but is enforceable under this chapter." Thus, the 10 percent rate for postjudgment interest set out in Code of Civil Procedure section 685.010 does not apply to State. There is no statute setting the rate of postjudgment interest on a judgment against State, so the 7 percent rate under the Constitution governs. (See *California Fed. Savings & Loan Assn. v. City of Los Angeles* (1995) 11 Cal.4th 342, 352–353 [45 Cal.Rptr.2d 279, 902 P.2d 297] (*California Fed. Savings & Loan Assn.*) [constitutional 7 percent postjudgment interest rate applies to judgments against local public entities].)

arguing that the September 16, 2008 order is appealable (1) as a postjudgment order under Code of Civil Procedure section 904.1, subdivision (a)(2), and (2) as a void order which gives effect to a portion of the judgment which is void.

## DISCUSSION

### A. *Appealability*

We agree with State that the September 16, 2008 order is appealable because it is tantamount to a postjudgment order denying a motion to vacate a portion of a judgment that is claimed to be void. As a preliminary matter, although State's opposition to plaintiff's motion in the trial court was not styled as a request to vacate that portion of the judgment awarding postjudgment interest in excess of 7 percent, the request was unequivocally made by State and addressed in plaintiff's reply papers. State again made the request at the hearing. Under the circumstances, all parties and the trial court were afforded adequate notice of the nature of State's request and the issue before the court.

As explained in *Carlson v. Eassa* (1997) 54 Cal.App.4th 684 [62 Cal.Rptr.2d 884]: "[A]n order denying a motion to vacate a judgment is generally not appealable; otherwise, an appellant would receive 'either two appeals from the same decision, or, if no timely appeal has been made, an unwarranted extension of time in which to bring the appeal.' [Citation.] In this case, the postjugment order did not decide new issues, but merely 'affirmed' the validity of the judgment. Thus, it initially appears that appeal from the postjudgment order is precluded. [¶] . . . [H]owever, an exception to this general rule applies when the underlying judgment is void. In such a case, the order denying the motion to vacate is itself void and appealable because it gives effect to a void judgment." (*Id.* at pp. 690–691.)

Because of State's claim that the portion of the judgment awarding postjudgment interest in excess of 7 percent is void, the September 16, 2008 order is appealable, and plaintiff's motion to dismiss the appeal is denied.

### B. *Award of Postjudgment Interest in Excess of 7 Percent Is Void*

Plaintiff argues that the 10 percent postjudgment interest rate is proper and, in any event, cannot be collaterally attacked. We disagree. First, under article XV, section 1 of the California Constitution, the postjudgment interest rate to which plaintiff is entitled is 7 percent. Second, the award of 10 percent postjudgment interest is void because it constitutes relief which the court had no power to grant and thus is subject to collateral attack.

■ Without citing any authority, plaintiff maintains that the judgment's 10 percent postjudgment interest rate is correct because State was purportedly acting in a "non-governmental" role in entering into the leases with plaintiff. In other words, plaintiff asserts that Government Code section 965.5, subdivision (b) (see *ante*, fn. 1) is inapplicable and that State is subject to the provisions of Code of Civil Procedure section 685.010. But this proposition was rejected in *California Fed. Savings & Loan Assn., supra*, 11 Cal.4th at page 352, where the court stated that "the plain language of these provisions [Government Code sections 965.5, applicable to State, and 970.1, applicable to local government entities] exempts the state as well as local public entities from the enforcement of title 9, including the interest provision of Code of Civil Procedure section 685.010."

We therefore agree with State's contention that the amount of postjudgment interest in this case is set by the California Constitution at 7 percent per annum. Notwithstanding the judgment's erroneous 10 percent postjudgment interest rate, the judgment is nevertheless final.

■ Turning to the dispositive issue in this appeal, we conclude that the provision awarding interest in excess of 7 percent is void and is the type of defect which can be collaterally attacked at any time. "The doctrine of res judicata is inapplicable to void judgments. 'Obviously a judgment, though final and on the merits, has no binding force and is subject to collateral attack if it is wholly void for lack of jurisdiction of the subject matter or person, and perhaps for excess of jurisdiction, or where it is obtained by extrinsic fraud. [Citations.]' (7 Witkin, Cal. Procedure [(4th ed. 1997)] Judgment, § 286, p. 828.)" (*Rochin v. Pat Johnson Manufacturing Co.* (1998) 67 Cal.App.4th 1228, 1239–1240 [79 Cal.Rptr.2d 719].) And the affirmance of a judgment on appeal does not insulate it from a subsequent collateral attack on the ground that it is void. (*Hager v. Hager* (1962) 199 Cal.App.2d 259, 261 [18 Cal.Rptr. 695] ["The affirmance of a void judgment upon appeal imparts no validity to the judgment, but is in itself void by reason of the nullity of the judgment appealed from."].)

■ "Lack of jurisdiction in its most fundamental or strict sense means an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties. . . . [¶] But in its ordinary usage the phrase 'lack of jurisdiction' is not limited to these fundamental situations." (*Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, 288 [109 P.2d 942] (*Abelleira*).) "The concept of jurisdiction embraces a large number of ideas of similar character, some fundamental to the nature of any judicial system, some derived from the requirement of due process, some determined by the constitutional or statutory structure of a particular court, and some based upon mere procedural rules originally devised for convenience and

efficiency, and by precedent made mandatory and jurisdictional. Speaking generally, any acts which exceed the defined power of a court in any instance, whether that power be defined by constitutional provision, express statutory declaration, or rules developed by the courts and followed under the doctrine of *stare decisis*, are in excess of jurisdiction, in so far as that term is used to indicate that those acts may be restrained by prohibition or annulled on *certiorari*. And, as a practical matter, accuracy in definition is neither common nor necessary." (*Id.* at p. 291.)

Our courts have permitted collateral attacks on judgments based on factors other than the lack of subject matter jurisdiction or the lack of personal jurisdiction. "Collateral attack is proper to contest lack of personal or subject matter jurisdiction or the granting of relief which the court has *no power* to grant (*Swycaffer* v. *Swycaffer* (1955) 44 Cal.2d 689, 693 [285 P.2d 1] [default judgment in excess of relief demanded by prayer]; *Michel* v. *Williams* (1936) 13 Cal.App.2d 198, 201 [56 P.2d 546] [court without power to award costs]; [citation])." (*Armstrong* v. *Armstrong* (1976) 15 Cal.3d 942, 950 [126 Cal.Rptr. 805, 544 P.2d 941].)

In *Michel* v. *Williams, supra,* 13 Cal.App.2d 198 (*Michel*), the cost award against the defendant in a quiet title action was held to be void because a cost award against a defaulting defendant in a quiet title action was prohibited by statute. (*Id.* at p. 201.) The *Michel* court explained, " 'The mere fact that the court has jurisdiction of the subject-matter of an action before it does not justify an exercise of a power not authorized by law, or a grant of relief to one of the parties the law declares shall not be granted. . . . Although every exercise of power not possessed by a court will not necessarily render its action a nullity, it is clear that every final act, in the form of a judgment or decree, granting relief the law declares shall not be granted, is void, even when collaterally called in question.' " (*Id.* at p. 200.)

"[I]n *Spreckels S. Co.* v. *Industrial Acc. Com.* (1921) 186 Cal. 256, 260–261 [199 P. 8], the court held that when the amount allowed as a death benefit is prescribed by statute, the commission, in allowing a different amount, rendered an unlawful award in excess of its jurisdiction. The court explained that 'jurisdiction' means more than simply authority over the subject matter or question presented. It also means authority to do the particular thing done or, conversely, lack of authority to exercise a power in a particular manner or doing something in excess of the authority possessed. [Citation.]" (*Selma Auto Mall II* v. *Appellate Department* (1996) 44 Cal.App.4th 1672, 1684 [52 Cal.Rptr.2d 599].)

In *Jones* v. *World Life Research Institute* (1976) 60 Cal.App.3d 836 [131 Cal.Rptr. 674] (*Jones*), the defendants appealed from an order denying their

motion to quash execution, to vacate the levy, and to declare a portion of a stipulated judgment void on the ground that the stipulated judgment awarded postjudgment interest that was not permitted under the parties' stipulation. The Court of Appeal permitted the collateral attack and struck the postjudgment interest from the judgment.

The key question in *Jones* was "whether the error, appearing on the face of the judgment, renders the judgment void, in whole or in part, as being beyond the jurisdiction of the court, and subject to collateral attack, or simply renders the judgment erroneous—not void—but within the jurisdiction of the court, and free from collateral attack." (*Jones, supra*, 60 Cal.App.3d at p. 844.)

Based on a discussion in *Abelleira, supra*, 17 Cal.2d 280, addressing the concept of "lack of jurisdiction" for purposes of determining the right to review by writ of prohibition, the *Jones* court reasoned that the "views expressed by *Abelleira* are more persuasive and are more consistent with the decided cases in giving the broader definition to the term 'lack of jurisdiction' to produce a void judgment, subject to collateral attack, whenever the trial court has made a 'grant of relief to one of the parties which the law declares shall not be granted.' [Citations.] In such a case we deem it insufficient for jurisdictional purposes that the court has jurisdiction of the person and the subject matter. [¶] A judgment made void for excess of jurisdiction, because of the 'grant of relief to one of the parties which the law declares shall not be granted,' is to be distinguished from a judgment in which the relief granted is simply in *excess of the amount* to which a party is otherwise entitled under the law applicable to his cause of action. (See *Wells Fargo [& Co. v. City etc. of S. F.* (1944)] 25 Cal.2d 37, . . . 43 [152 P.2d 625] (interest calculated from an incorrect date).)" (*Jones, supra*, 60 Cal.App.3d at pp. 847–848.)

The *Jones* court concluded that "[i]n the instant case, the judgment had properly included an award of prejudgment interest . . . in conformity with the stipulation of the parties. But the interest-on-the-judgment provision, contained in the trial court's judgment, must be considered void. Therefore, it was subject to collateral attack." (*Jones, supra*, 60 Cal.App.3d at p. 848.) *Jones* has been cited with approval in two cases. (*Carlson v. Eassa, supra*, 54 Cal.App.4th at pp. 692, 696 [where statute required mother's consent, stipulated judgment for child support arrearages settled by district attorney without mother's consent was void and subject to collateral attack]; *Thompson Pacific Construction, Inc. v. City of Sunnyvale* (2007) 155 Cal.App.4th 525, 538 [66 Cal.Rptr.3d 175] [on direct appeal, part of judgment awarding city statutory penalties against contractor was void because statute did not give trial court authority to impose such penalties].)

■ Turning to the case before us, because article XV, section 1 of the California Constitution declares the rate of postjudgment interest to which plaintiff is entitled, the award of a rate of interest in excess of 7 percent constitutes a grant of relief which the Constitution forbids and the court had no power to grant. Consistent with the views expressed in *Abelleira, supra*, 17 Cal.2d 280, and *Jones, supra*, 60 Cal.App.3d at page 848, we define a judgment that is void for excess of jurisdiction to include a judgment that grants relief which the law declares shall not be granted. Accordingly, we determine that the portion of the instant judgment awarding postjudgment interest in excess of 7 percent is void.

*Wells Fargo & Co. v. City etc. of S. F., supra*, 25 Cal.2d 37, does not compel a contrary result. There, the court held that in allowing interest on taxes paid under protest from an incorrect date, "the court erred therefore merely as to the scope of plaintiff's recovery and its judgment is therefore not subject to collateral attack." (*Id.* at p. 44.) Here, the error does not involve the use of an incorrect date for an award of interest at an otherwise correct rate, but an award of an *incorrect rate* of interest which the court has no power to grant under our Constitution. Also, the *Wells Fargo* court held, in a one paragraph discussion, that the award of costs was not subject to collateral attack even if the court was without authority to require the City and County of San Francisco to pay costs. (*Ibid.*)

As pointed out in *Jones*, the Supreme Court in *Wells Fargo*, decided in 1944, does not refer to its decision in *Abelleira*, decided three years earlier, nor to *Michel*, decided eight years earlier. Under this circumstance, the *Jones* court reasoned that cases like *Michel, supra*, 13 Cal.App.2d 198, which appear contrary to *Wells Fargo* but consistent with *Abelleira*, "cannot be said to be incorrectly decided." (*Jones, supra*, 60 Cal.App.3d at p. 847.) This conclusion is buttressed by *Armstrong v. Armstrong, supra*, 15 Cal.3d at page 950, which does not mention *Wells Fargo* but cites *Michel* with approval. We adopt the foregoing reasoning of *Jones*, conclude that it was correctly decided, and follow it.

We reject plaintiff's assertion that State waived its right to object to the post-judgment interest rate. The authority cited by plaintiff, *Bell v. Farmers Ins. Exchange* (2006) 135 Cal.App.4th 1138 [38 Cal.Rptr.3d 306], is inapposite. In *Bell*, the court determined that the judgment's award of a 10 percent rate of prejudgment interest was correct and, in any event, the defendant waived its challenge to the rate of prejudgment interest because its attorney expressly agreed in writing with the rate and acquiesced in the rate numerous times throughout the proceedings. (*Id.* at pp. 1145, 1150.) *Bell* did not address the issues of whether the interest rate was void and subject to collateral attack. And unlike in *Bell*, there is no evidence here that State expressly agreed to a 10

percent rate of postjudgment interest. We determine that plaintiff has not established that State waived its rights to the constitutionally prescribed postjudgment interest rate and to mount a collateral attack on the void portion of the judgment. And because the appeal is meritorious, we deny plaintiff's request for sanctions.

## DISPOSITION

Plaintiff's motion to dismiss the appeal is denied. The September 16, 2008 order is reversed, and on remand the trial court is directed to vacate that portion of the judgment awarding postjudgment interest at a rate in excess of 7 percent. The parties are to bear their own costs on appeal.

Rothschild, J., and Johnson, J., concurred.

A petition for a rehearing was denied November 17, 2009.