Filed 5/3/21

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ROBERT J. GRADOS,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>PAUL SHIAU,<br><br>        Defendant and Appellant. | A160541<br><br>(City & County of San Francisco<br>Super. Ct. No. CGC-18-570853) |

Defendant Paul Shiau appeals from an order denying his motion to set aside a default and default judgment in an action on a promissory note. Shiau argues that the trial court abused its discretion in denying the motion because the default judgment included "illegal" awards of a $100,000 earn-out payment and $16,163.05 in interest on the note, and these awards rendered the default judgment void. We conclude that both the award of the earn-out payment, as well as the award of interest on the earn-out payment, are contrary to law and render those portions of the default judgment void. Accordingly, we reverse the order on Shiau's motion as to these two awards, and modify the default judgment to exclude the $100,000 earn-out payment and reduce the award of interest to $8,081.53.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Robert J. Grados sued Shiau for breach of contract in October 2018. Grados filed a first amended complaint in March 2019

1

(Complaint), again asserting a single cause of action for breach of contract.

**A. Complaint**

The Complaint included the following allegations.  In April 2017, Grados and Shiau entered into a Demand Note and Agreement (Note), by which Grados agreed to lend Shiau $100,000, together with interest as well as a $100,000 earn-out payment due on the maturity date of the Note (Earn-Out Amount).  In July 2017, Grados exercised his right under the Note to demand immediate payment of the principal, interest, and Earn-Out Amount; Shiau failed to pay.  In October 2018, Grados sent Shiau a letter notifying him that the failure to pay constituted a default, and thus the Note had matured.  As of the filing of the Complaint, Shiau had not made the demanded payment or otherwise responded to the October 2018 letter.  The Complaint sought $200,000 in general damages, interest according to proof at the time of trial, and "such other and further relief as the Court may deem just and proper."

**B. Note**

The Note was attached as an exhibit to the Complaint.  It states that Shiau "hereby promises to pay" Grados "the principal amount of One Hundred Thousand Dollars ($100,000), together with all interest accruing on such amount from the Issuance Date and together with the Earn-Out Amount (as hereinafter defined), at the rates and times provided" in the Note.

Section 1 of the Note defines the interest and Earn-Out Amount as follows:  "Subject to Sections 3 and 4, interest shall accrue on the unpaid principal balance of this Note at a rate of twenty percent

2

(20.0%) per annum . . . commencing on the Issuance Date. In addition to the payment of the principal amount of this Note, [Shiau] agrees that [Grados] shall be entitled to the payment on the maturity date of this Note of an earn-out in the aggregate amount of One Hundred Thousand Dollars ($100,000) ("***Earn-Out Amount***")." (Emphasis in original.) It also states that any interest accruing on the Note "shall be credited" against the Earn-Out Amount.

Section 3 defines an "***Event of Default***" to occur if Shiau "fails to pay any portion of this Note in accordance with the terms of this Note[.]" (Emphasis in original.) Section 4 provides that, upon an Event of Default, "the entire outstanding principal balance of this Note, together with all accrued and unpaid interest and the Earn-Out Amount, shall accrue interest until such default is cured or waived in writing," at a rate of "the lesser of (a) ten percent (10.0%) per annum above the interest rate otherwise in effect for such day or (b) the maximum interest rate permitted under applicable law."

Section 7 states, in relevant part: "Nothing contained in this Note shall be construed or so operate as to require [Shiau] to pay interest at a greater rate than is lawful or in such case to contract for, or to make any payment, or to do any act contrary to applicable law." It also states that Shiau "hereby acknowledges and agrees that, the payment of the Earn-Out Amount shall not be deemed interest on this Note and, accordingly, [Shiau] hereby waives any and all laws applicable to the payment of interest in connection with its payment of the Earn-Out Amount."

### C. Default and Default Judgment

On June 28, 2019, Grados obtained a default against Shiau. Grados then requested entry of a default judgment in the amount of $217,388.58: $200,000 as demanded in the Complaint (the $100,000 principal plus the $100,000 Earn-Out Amount); $16,163.05 in interest (calculated using the $200,000 total, 10 percent interest rate, and 295 days since alleged October 2018 default); and $1,225.53 for costs (filing fees and service attempts). On August 5, 2019, the clerk entered the default judgment against Shiau.

### D. Motion to Set Aside Default and Default Judgment

On February 5, 2020, Shiau moved to set aside the default and default judgment pursuant to Code of Civil Procedure section 473 on two bases.[1] First, he argued that he was never personally served with "multiple necessary pleadings" in the matter, including the Complaint. Second, he argued that the default judgment must be side aside because the purported 20 percent interest rate of the Note was usurious and violated the 10 percent maximum interest rate prescribed by section 1 of Article XV of the California Constitution, and thus the default judgment awarded "illegal payout amounts" to Grados.

At the hearing, the trial court stated that the motion to set aside the default was untimely as section 473 includes a "jurisdictional limitation" that the motion be brought within six months of the default. Counsel for Shiau then turned to the default judgment. He argued that the judgment wrongly enforced a usurious contract because, despite Grados's request for only 10 percent interest, the Note stated a

---

[1] Unless otherwise indicated, all further section references will be to the Code of Civil Procedure.

4

usurious 20 percent interest rate. He also argued that the enforcement of the $100,000 Earn-Out Amount, as part of the $200,000 total, rendered the default judgment void. The award of the Earn-Out Amount, equivalent to 100% interest on the principal, vastly exceeded the 10 percent maximum constitutional interest rate.

Counsel for Grados argued that the Note was not usurious, but "even if the Court found that it was, the proper remedy wouldn't be vacating the default judgment entirely." He identified the proper remedy in that circumstance as "reducing the judgment to the principal and statutory interest." Counsel for Shiau responded: "That was our feeling, as well, Your Honor. If the default must stand because of the statutory limitation, then a judgment reducing it to the principal and reasonable interest, legal interest, seems reasonable to us[.]" The trial court stated: "You didn't bring a notion [*sic*] to that effect. You haven't cited any authority to that effect."

### E. Trial Court's Order

The trial court denied the motion in its entirety. As to the default, the trial court found the motion untimely because it was brought more than six months after default was entered. As to the default judgment, the trial court identified two reasons to deny the motion. First, the trial court determined that setting aside the default judgment would be an " 'idle act' " because the default remained in effect. It explained that " '[i]f the judgment were vacated, it would be the duty of the court immediately to render another judgment of like effect, and the defendants, still being in default, could not be heard in opposition thereto.' " (*Howard Greer Custom Originals v. Capritti* (1950) 35 Cal.2d 886, 889 (*Howard Greer*).)

5

Second, the trial court determined that Shiau had not shown any basis for relief from the judgment that was independent of the default. It explained: " 'A motion to vacate a judgment only lies where the judgment is void on its face . . . .' " (*Ostling v. Loring* (1994) 27 Cal.App.4th 1731, 1749 (*Ostling*).) It stated that the "only argument that [Shiau] makes as to the validity of the judgment is service." The trial court then rejected the argument, finding that Shiau had not offered any declaration or evidence to support his assertion regarding lack of personal service, and had not offered any challenge to the propriety of the substituted service.

Shiau timely appealed the order.

## DISCUSSION

The issue raised in this appeal is a narrow one. Shiau does not challenge the trial court's determination that his motion to set aside the default was untimely. Nor does he dispute the trial court's determination that the default judgment was not void for lack of service. Instead, Shiau argues that the illegal terms of the Note and awarded illegal rates of interest to Grados rendered the default judgment void. Specifically, Shiau challenges (1) the $100,000 Earn-Out Amount, awarded as part of the $200,000 demanded in the Complaint; and (2) the award of $16,163.05 in interest. Shiau contends that, by failing to find that the award of illegal interest rendered the default judgment void, the trial court abused its discretion in denying his motion.

## I.     STANDARD OF REVIEW

Section 473, subdivision (d) provides that a trial court " 'may, . . . on motion of either party after notice to the other party, set aside any

6

void judgment or order.' " A trial court's ruling on a motion for discretionary relief under section 473 will not be disturbed unless there is a clear showing that the trial court abused its discretion. (*Strathvale Holdings v. E.B.H.* (2005) 126 Cal.App.4th 1241, 1249.) "The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason." (*Ibid.*)

A trial court's determination that a judgment is void, however, is subject to de novo review. (*Cruz v. Fagor America, Inc.* (2007) 146 Cal.App.4th 488, 496.) Here, the trial court determined that the judgment was not void after it stated that Shiau had made "only" one argument regarding lack of service, and then rejected that argument. We disagree with the trial court's limited view of Shiau's arguments. In his motion, Shiau argued that the default judgment must be set aside because it awarded Grados "illegal" amounts of interest. During oral argument, Shiau's counsel took the position that the amounts set forth in the default judgment must be reduced to only the principal and "legal" interest from the Note. This was sufficient to apprise Grados and the trial court of Shiau's argument that the default judgment was rendered void based on its award of the interest and Earn-Out Amount.

Moreover, even if Shiau had not raised the argument below, "questions of jurisdiction are never waived and may be raised for the first time on appeal." (*Falahati v. Kondo* (2005) 127 Cal.App.4th 823, 831, fn. 18 [concluding trial court erred in denying motion to set aside default, even though motion did not present arguments that judgment was void].) Accordingly, we turn to the question of whether the award of the $100,000 Earn-Out Amount and $16,163.05 in interest rendered the default judgment void.

7

## II.    DEFAULT JUDGMENT

The question of whether a judgment is void is typically framed as a question of whether the court rendering the judgment lacked jurisdiction.  (E.g., *Carlson v. Eassa* (1997) 54 Cal.App.4th 684, 691.) In *People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 660 (*American Contractors*), the California Supreme Court distinguished between two types of jurisdictional errors and how each type can be used to attack a judgment as void.  First, " '[l]ack of jurisdiction in its most fundamental or strict sense means an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties.' "  (*Ibid.*, quoting *Abelleira v. District Court of Appeal* (1941) 17 Cal.2d 280, 287 (*Abelleira*).)  "When a court lacks jurisdiction in a fundamental sense, an ensuing judgment is void and 'thus vulnerable to direct or collateral attack at any time.' " (*Ibid.*, quoting *Barquis v. Merchants Collection Assn.* (1972) 7 Cal.3d 94, 119.)

Second, lack of jurisdiction "may also 'be applied to a case where, though the court . . . has no "jurisdiction" (or power) to act except in a particular manner, or to give certain kinds of relief, or to act without the occurrence of certain procedural prerequisites.' "  (*American Contractors*, *supra*, 54 Cal.App.4th at p. 661, quoting *Abelleira*, *supra*, 17 Cal.2d at p. 288.)  "When a court has fundamental jurisdiction, but acts in excess of its jurisdiction, its act or judgment is merely voidable." (*Ibid.*)  A "voidable" judgment is one that is valid until it is set aside as void.  (*Ibid.*)  This type of error "should be challenged directly, for example by motion to vacate the judgment, or on appeal, and are generally not subject to collateral attack once the judgment is final

8

unless 'unusual circumstances were present which prevented an earlier and more appropriate attack.' " (*Ibid.*, quoting *Pacific Mut. Life Ins. Co. v. McConnell* (1955) 44 Cal.2d 715, 727.) Upon such a challenge, the court may then determine that this second type of error rendered the judgment void. (*311 South Spring Street Co. v. Department of General Services* (2009) 178 Cal.App.4th 1009, 1017 (*311 South Spring Street*).)

In sum, the distinction between the two types of error affects the ability to attack a judgment as void: the first type of "fundamental" jurisdictional error may be subject to direct or collateral attack at any time, whereas the second type of jurisdictional error cannot be collaterally attacked absent unusual circumstances. (*American Contractors*, *supra*, 54 Cal.App.4th at pp. 660–661.) Here, Shiau's challenge falls into this second category, as he claims that the trial court did not have the power to award "illegal" rates of interest and directly attacked the default judgment by moving to set it aside. (*Sharp v. Eagle Lake Lumber Co.* (1923) 60 Cal.App. 386, 391 ("It has, indeed, been held in this state that a motion to set aside a judgment in the court which rendered it is a direct and not a collateral attack"].)

Grados argues that this challenge to the default judgment should be rejected for three reasons.[2] First, he argues that the challenge fails because Shiau's motion was untimely. Second, he argues that the trial court correctly declined to consider the challenge because it would be an "idle" act. Third, he describes Shiau's argument that the judgment was rendered void based on the illegality of the $100,000 Earn-Out

[2] We need not address Grados's additional argument that the default judgment was not void because service was proper, as Shiau does not challenge the trial court's finding on that issue.

9

Amount and $16,163.05 interest as an "overreach." We address each argument in turn.

## A. Timeliness of Challenge

Grados argues that Shiau cannot challenge the default judgment because his motion was untimely. Specifically, Grados relies on *Lee v. An* (2008) 168 Cal.App.4th 558 (*Lee*) to argue that a "voidable" judgment (a judgment challenged under the second category of jurisdictional error described above) may not be set aside beyond the six-month limitation set forth in section 473, subdivision (b). Section 473, subdivision (b) provides, in relevant part, that an application for relief from a judgment, dismissal, order, or other proceeding based on mistake, inadvertence, surprise, or excusable neglect "shall be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken."

In *Lee*, the plaintiff moved to set aside a default judgment more than two years after the judgment, arguing that the judgment was "voidable" because the trial court acted in excess of its jurisdiction by imposing terminating sanctions without adequate prior notice. (*Lee*, *supra*, 168 Cal.App.4th at pp. 566–567.) The appellate court affirmed the denial of the motion to set aside the default judgment. (*Id.* at p. 567.) It explained that a "voidable" judgment cannot be set aside beyond the six-month time limit of section 473. (*Id.* at p. 563.) In other words, the judgment becomes final after that six-month period, and thus a subsequent motion to set aside the "voidable" judgment becomes an improper "collateral" attack on that final judgment. (*Id.* at p. 564.)

*Lee* makes clear that the relevant time period for this inquiry is the time between the default judgment and the filing of the motion to

10

set aside the default judgment. (*Lee*, *supra*, 168 Cal.App.4th at pp. 563–564.) Here, Shiau's motion was filed within six months of entry of the default judgment. Accordingly, we conclude that Shiau's challenge as to the default judgment does not run afoul of any timing limitation under section 473.

### B. Challenge to Default Judgment Only

Grados argues that the trial court correctly declined to consider Shiau's challenge to the default judgment because doing so would have been an "idle act," given that the default against Shiau was still in effect. We disagree. In *Howard Greer*, the plaintiff moved to set aside a default judgment entered in an action to recover certain personal property. (*Howard Greer*, *supra*, 35 Cal.2d at p. 886.) The California Supreme Court concluded that vacation of the default judgment would be "abortive" as the defendant did not seek relief from the default, and the default entitled the plaintiffs to a judgment on their complaint. (*Id.* at p. 888.) Subsequent courts, however, have explained that the reason for this rule "disappears" where the motion seeks to set aside a judgment awarding excess relief. (E.g., *Nemeth v. Trumbull* (1963) 220 Cal.App.2d 788, 792.) "A default judgment fatally deficient for award of excess relief may be set aside without vitiating the defendant's default." (*Jonson v. Weinstein* (1967) 249 Cal.App.2d 954, 958.) For example, when a judgment is rendered void for granting excess relief, an appellate court may modify the judgment to the maximum amount warranted or direct the trial court to vacate the portion of the award that is excessive. (*Ostling*, *supra*, 27 Cal.App.4th at p. 1744; *311 South Spring Street*, *supra*, 178 Cal.App.4th at p. 1019.)

11

Shiau has moved to set aside the default judgment because it awards excessive relief. He does not challenge the award of the $100,000 principal, but instead argues that two other portions of the relief (the $100,000 Earn-Out Amount and $16,163.05 in interest) were illegally awarded. His challenge is thus independent of the underlying default. Accordingly, we conclude that consideration of Shiau's motion to set aside the default judgment is not an "idle" act.

## C.    Default Judgment Rendered Void

Shiau takes the position that the default judgment was rendered void because the $100,000 Earn-Out Amount and $16,163.05 in interest constitute "illegal rates of interest under California usury law." He argues these awards render the judgment "void on its face," i.e. "the defect is apparent upon examination of the record," as opposed to extrinsic evidence. (*Carlson v. Eassa* (1997) 54 Cal.App.4th 684, 696; *County of San Diego v. Gorham* (2010) 186 Cal.App.4th 1215, 1226.)

In *Michel v. Williams* (1936) 13 Cal.App.2d 198, 200 (*Michel*), the California Supreme Court explained the rationale for voiding a judgment because it awards relief not allowable under the law. " 'The mere fact that the court has jurisdiction of the subject-matter of an action before it does not justify an exercise of a power not authorized by law, or a grant of relief to one of the parties the law declares shall not be granted.' " (*Ibid.*) " 'Although every exercise of power not possessed by a court will not necessarily render its action a nullity, it is clear that every final act, in the form of a judgment or decree, granting relief the law declares shall not be granted, is void, even when collaterally called in question.' " (*Ibid.*)

Subsequent courts have adopted this rationale from *Michel* to conclude that a judgment is rendered void by an award that is contrary to law. In *311 South Spring Street*, for example, the defendant requested to vacate a portion of a judgment awarding post-judgment interest at a rate of 10 percent. (*311 South Spring Street*, *supra*, 178 Cal.App.4th at p. 1012.) Section 1 of Article XV of the California Constitution provided that the plaintiff was entitled to post-judgment interest at a seven percent rate. (*Id.* at p. 1018.) The appellate court thus determined that the award "constitutes a grant of relief which the Constitution forbids and the court had no power to grant." (*Ibid.*) It concluded that the award rendered that portion of the judgment void. (*Ibid.*)

In *Jones v. World Life Research Institute* (1976) 60 Cal.App.3d 836, 838, the parties stipulated that plaintiffs were entitled to a judgment in the sum of $34,506.56, with $9,178.66 in interest. The trial court entered judgment with these stipulated amounts, but also included an additional $3,205.84 as interest on the judgment. (*Id.* at p. 847.) The appellate court explained that, under the California Constitution and Code of Civil Procedure, "[t]here can be no interest *on a judgment* prior to its rendition and entry." (*Id.* at p. 848.) It concluded that the $3,205.84 award was "obviously contrary to law, beyond the jurisdiction of the court, and void" and modified the judgment to strike the $3,205.84 amount. (*Ibid.*)

Accordingly, we look at the default judgment before us to determine whether it included relief that is contrary to law and rendered the default judgment void on its face. As Shiau argues that

13

two portions of the awarded relief were illegal (the $100,000 Earn-Out Amount and $16,163.05 in interest), we address each portion in turn.

### 1.    Earn-Out Amount

As to the $100,000 Earn-Out Amount, we agree with Shiau that the award is contrary to law because it exceeds the constitutionally allowable maximum interest rate of 10 percent, and thus renders the default judgment void on its face.

The California Constitution provides that parties may contract in writing to set the interest rate on a loan or forbearance "at a rate not exceeding 10 percent per annum[.]"  (Cal. Const., art. XV, § 1, subd. (1).)  In addition, it states that no person "shall by charging any fee, bonus, commission, discount or other compensation receive from a borrower more than the interest authorized by this section upon any loan or forbearance of any money, goods or things in action."  (*Id.*, subd. (2).)  This plain language makes clear that the stated interest *plus* any additional "bonus" or "other compensation" cannot exceed the 10 percent rate.

Consistent with this language, courts have found promissory notes to be usurious where they include a "bonus" that increases the total interest rate over the maximum 10 percent.  In *Creative Ventures, LLC v. Jim Ward & Associates* (2011) 195 Cal.App.4th 1430, 1435, for example, the borrower paid a 6 percent broker's fee along with a 10 percent interest rate on its promissory notes with the defendant.  The appellate court concluded that there was sufficient evidence to support the trial court's ruling that the defendant committed usury.  (*Id.* at p. 1436.)  It explained:  "For purposes of the usury law, the interest charged is computed by adding the stated interest rate to *any bonus the*

14

*borrower must pay in addition.* If the interest rate plus the bonus exceeds the statutory limit, the loan is usurious." (*Id.* at p. 1441, emphasis added.)

In *Forte v. Nolfi* (1972) 25 Cal.App.3d 656, 678–679 (*Forte*), the appellate court similarly concluded that a promissory note was usurious where it "called for the payment of a $750 bonus with interest in addition to the maximum rate of interest on the $2,700 actually advanced." It explained that the bonus " 'must be considered as interest' " and that if the interest and bonus exceed the maximum allowable interest rate, the contract is usurious. (*Id.* at p. 678, quoting *Otis v. I. Eisner Co.* (1935) 7 Cal.App.2d 496, 499-500.)

Here, the terms of the Note make clear that Shiau was obligated to pay the Earn-Out Amount (after crediting any accrued interest) in addition to the principal, and thus it falls under the category of a "bonus" or "other compensation" that cannot exceed the 10 percent rate. Considering the Earn-Out Amount (and any accrued interest), the interest rate is *100 percent* of the $100,000 principal—ten times above the maximum constitutional rate. We thus conclude that the award of the Earn-Amount was contrary to law, and thus rendered that portion of the default judgment void.

Grados offers no response that alters our conclusion. Without citation to any authority, he refers to Section 7 of the Note, which states that Shiau "hereby acknowledges and agrees that, the payment of the Earn-Out Amount shall not be deemed interest on this Note and, accordingly [Shiau] hereby waives any and all laws applicable to the payment of interest in connection with its payment of the Earn-Out Amount."

15

We do not find this waiver argument persuasive. In *Hardwick v. Wilcox* (2017) 11 Cal.App.5th 975, 989 (*Hardwick*), the defendant made a similar waiver argument where the borrower had signed an agreement containing a unilateral general release of his claims. The appellate court agreed with the trial court's finding that construction of the release as a waiver of usury would violate public policy. (*Ibid.*) Section 1668 of the Civil Code states: "All contracts which have for their object, directly or indirectly, to exempt any one from responsibility for his own fraud, or willful injury to the person or property of another, or violation of law, whether willful or negligent, are against the policy of the law." *Hardwick* concluded that the unilateral general release in that agreement as a waiver of usury would allow the defendant "to escape the consequences of his violation of the law by permitting him to benefit from his illegal contract and retain the usurious interest he extracted from Hardwick." (*Hardwick, supra,* 11 Cal.App.5th at p. 989.)

So too here. Allowing Grados to benefit from the unilateral provision in Section 7 and be awarded the illegal $100,000 Earn-Out Amount, equivalent to the *entire* amount of the principal, would "undermine the 'theory' of California usury law, which is 'that society benefits by the prohibition of loans at excessive interest rates, even though both parties are willing to negotiate them.'" (*Hardwick, supra,* 11 Cal.App.5th at p. 989–990, quoting *Stock v. Meek* (1950) 35 Cal.2d 809, 817.)

In sum, we conclude that the trial court erred in failing to determine that the default judgment was void on its face, as to the award of the $100,000 Earn-Out Amount. Accordingly, the trial court

16

abused its discretion in denying Shiau's motion as to that portion of the default judgment.

### 2. Interest

The $16,163.05 in interest awarded in the default judgment was calculated using a $200,000 total ($100,000 principal plus $100 Earn-Out Amount) and 10 percent interest rate.

Shiau argues that Grados should not have been awarded *any* interest, pursuant to the general rule that when a loan is usurious, the creditor is entitled to repayment of only the principal and "no interest whatsoever." (*Hardwick*, *supra*, 11 Cal.App.5th at p. 979.) An exception to this general rule applies, however, when a borrower has defaulted on a loan and the loan becomes due. (*Epstein v. Frank* (1981) 125 Cal.App.3d 111, 122.) "The attempt to exact the usurious rate of interest renders the interest provisions of a note void. [Citation.] The usurious provisions, however, do not affect the right of the payee to recover the principal amount of the note when due. [Citation.] The inclusion of a usurious interest provision, therefore, results, in effect, in a note payable at maturity without interest." (*Id.* at pp. 122–123.) Accordingly, the lender is entitled "to interest at the legal rate from the date the note matures until the date of judgment." (*Id.* at p. 123.)

Here, the Complaint alleged that Shiau defaulted on the Note in October 2018, and thus the Note had matured at that time. Shiau does not dispute, in his underlying motion or in his briefing on appeal, that his failure to pay upon Grados's demand triggered the maturity of the Note. Accordingly, despite any usurious provision in the Note, Grados still retained his right to recover (1) the $100,000 principal and (2) interest on that principal at the legal 10 percent rate.

17

Grados was not, however, entitled to interest on the $200,000 amount, which included *both* the $100,000 principal *and* the $100,000 Earn-Out Amount. As explained above, the $100,000 Earn-Out Amount must be considered as interest, not principal. (*Forte*, *supra*, 25 Cal.App.3d at p. 678.) The award of interest on the additional $100,000 Earn-Out Amount was thus contrary to law, and rendered the default judgment void on its face, as to that additional interest. We thus conclude that the trial court abused its discretion in denying Shiau's motion as to the award of interest, to the extent that the interest exceeded the amount that had accrued on the $100,000 principal at the constitutionally allowable maximum rate.

At oral argument, counsel for Shiau acknowledged that modification of the default judgment to award Grados $100,000 principal and interest on that principal at a 10 percent rate was "probably the most reasonable" outcome here. We agree. "When a default judgment is partially void for being excessive, an appellate court will strike the excess and affirm the valid portion." (*National Diversified Services, Inc. v. Bernstein* (1985) 168 Cal.App.3d 410, 419.) Accordingly, we modify the default judgment to award Grados interest in the amount of $8,081.53 (calculated using the $100,000 principal, 10 percent interest rate, and 295 days since alleged October 2018 default).

## DISPOSITION

The order on Shiau's motion is reversed as to those portions denying the motion to set aside the default judgment based on its award of the $100,000 Earn-Out Amount and the award of interest on the Earn-Out Amount. The order is otherwise affirmed.

18

The default judgment shall be modified as follows:

"Section 6.a.(1) Damages: $100,000"; "Section 6.a.(2) $8,081.53"; and "Section 6.a.(6) **TOTAL**: $108,081.53".

_____
Petrou, Acting P.J.

WE CONCUR:


_____
Jackson, J.


_____
Wiseman, J.*

*Grados v. Shiau/A160541*

_____

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Trial Court:          San Francisco County Superior Court

Trial Judge:          Hon. Ethan P. Schulman

Counsel:              Keller Benvenutti Kim, Jane Kim and Dara L.
                      Silveira; Leader-Picone & Young, Kaipolani K.
                      Young, for Plaintiff and Respondent.

                      Wendel Rosen, Steven M. Morger and Patrick Tuck,
                      for Defendant and Appellant.